Citation Nr: 1504645 
Decision Date: 01/30/15 Archive Date: 02/09/15

DOCKET NO. 05-20 684 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Chicago, Illinois


THE ISSUE

Entitlement to service connection for glaucoma, including as secondary to service-connected type 2 diabetes mellitus.


REPRESENTATION

Appellant represented by: Disabled American Veterans


WITNESS AT HEARING ON APPEAL

Appellant


ATTORNEY FOR THE BOARD

M. Young, Counsel

INTRODUCTION

The appellant is a Veteran who served on active duty from February 1968 to January 1971. This matter is before the Board of Veterans' Appeals (Board) on appeal from a June 2004 rating decision by the Chicago, Illinois Department of Veterans Affairs (VA) Regional Office (RO). In March 2008, a Travel Board hearing was held before the undersigned. A transcript of that hearing is associated with the record. In May 2008, January 2010, and January 2012 this matter was remanded for further development. In November 2012 the Board sought an advisory medical opinion from the Veterans Health Administration (VHA). Pursuant to VHA medical advisory opinion, the matter was remanded in January 2013 for additional development; in May 2013 it was again remanded because action sought in the previous remand was not completed per instructions.


FINDING OF FACT

The Veteran's service-connected type 2 diabetes mellitus is shown by competent evidence to have been an etiological factor for his development of glaucoma. 


CONCLUSION OF LAW

Service connection for glaucoma is warranted. 38 U.S.C.A. §§ 1110, 5107 (West 2014); 38 C.F.R. §§ 3.102, 3.310 (2014).


REASONS AND BASES FOR FINDING AND CONCLUSION

Veterans Claims Assistance Act of 2000 (VCAA)

The VCAA applies to the instant claim. Inasmuch as this decision grants the benefit sought, there is no reason to belabor the impact of the VCAA on the matter; any notice or duty to assist omission is harmless. 
Legal Criteria, Factual Background and Analysis

Service connection may be granted for disability due to disease or injury incurred in or aggravated by active military service. 38 U.S.C.A. § 1110; 38 C.F.R. § 3.303. 

Secondary service connection may be established for a disability that is proximately due to, the result of, or aggravated by a service-connected disease or injury. 38 C.F.R. § 3.310(a); see also Allen v. Brown, 7 Vet. App. 439 (1995) (en banc). To substantiate a secondary service connection claim, the Veteran must show: (1) a present disability (for which service connection is sought); (2) a service-connected disability; and (3) competent evidence that the service connected disability caused or aggravated the disability for which service connection is sought.

The determination as to whether these requirements are met is based on an analysis of all the evidence of record and the evaluation of its credibility and probative value. Baldwin v. West, 13 Vet. App. 1 (1999); 38 C.F.R. § 3.303(a). 

When there is an approximate balance of positive and negative evidence regarding the merits of an issue material to the determination of the matter, the benefit of the doubt in resolving each such issue shall be given to the claimant. 38 U.S.C.A. § 5107(b); 38 C.F.R. § 3.102. When all of the evidence is assembled, VA is responsible for determining whether the evidence supports the claim or is in relative equipoise, with the Veteran prevailing in either event, or whether a fair preponderance of the evidence is against the claim, in which case the claim is denied. Gilbert v. Derwinski, 1 Vet. App. 49, 55 (1990). 

The Board has reviewed all the evidence in the Veteran's record. Although the Board has an obligation to provide adequate reasons and bases supporting its decision, there is no requirement that the Board discuss every piece of evidence in the record. Rather, the Board will summarize the relevant evidence, as appropriate, and the Board's analysis will focus specifically on what the evidence shows, or fails to show, as to the claim. See Gonzalez v. West, 218 F.3d 1378, 1380-81 (Fed. Cir. 2000).

The Veteran's service treatment records are silent for glaucoma. They show that he wore glasses; tests for visual acuity revealed he was myopic. Fundus examination in June 1969 found no apparent pathology. On November 1970 service separation examination, his visual acuity was 20/20 in each eye; the eyes were normal on clinical evaluation.

On July 2002 VA physical examination it was noted that the Veteran had an assessment of "History of glaucoma, bilaterally." An August 2003 VA progress report notes that he was having a follow-up with an ophthalmologist for problems with glaucoma and eye surveillance for diabetes. The assessment was history of glaucoma bilaterally. 

On March 2004 VA examination to evaluate for diabetes and hypertension it was noted that the Veteran had recently seen an eye specialist, and that he had a history of glaucoma, but did not have diabetic changes. The impression, in pertinent part, was that eye examination showed no diabetic changes, but showed glaucoma. In an addendum it was noted that the Veteran had a history of non-insulin-dependent diabetes diagnosed five years prior; and a history of glaucoma diagnosed fifteen years prior. He reported that he had been on eye drops for glaucoma in the past, but discontinued them six months prior. The assessment was non-insulin dependent diabetes without any background diabetic retinopathy, slightly high intraocular pressure with an asymmetric cup-to-disk ratio; therefore he had borderline glaucoma findings with an open angle, and normal vision with refractive error. The examiner opined that the diabetes did not appear to have an adverse effect on the Veteran's vision. He commented that the Veteran did not meet the criteria for a diagnosis of glaucoma; however, he could be at risk for developing glaucoma based upon the findings of slightly high intraocular pressures with an asymmetric cup-to-disk ratio. 

A May 2005 VA primary care outpatient record notes that the Veteran had glaucoma, and was being followed in the eye clinic.

At his March 2008 Travel Board hearing the Veteran testified, in pertinent part, that he was told by a VA doctor that glaucoma and diabetes were related. 
An August 2009 ophthalmological examination report notes that the Veteran's last dilated eye examination in May 2009 did not find diabetic retinopathy. Bilateral ophthalmic hypertension was identified, with cupping, left greater than right, and early inferior arcuate type defect, left eye. A past history of borderline narrow angle glaucoma was noted. A September 2010 VA primary care outpatient note shows an impression of ocular hypertension versus glaucoma suspect. 

On January 2010 VA examination, it was noted that the Veteran has had glaucoma diagnosed since about 1990, and was on eye medication most of the time,. He reported that he was a non-insulin-dependent diabetic, diagnosed in 1998. He reported that his vision was okay with glasses. The assessment was normal vision with a refractive error, non-insulin-dependence diabetes, and glaucoma. The examiner opined that it is less likely than not that the Veteran's glaucoma was caused or aggravated by his service-connected diabetes mellitus or, otherwise, related to his service. In a September 2011 addendum to the report of the January2010 examination, the examiner stated that although there was a high incident of glaucoma in diabetic patients, there was no clear current clinical evidence to support a causative relationship between diabetes and glaucoma. 

On February 2012 VA eye examination of the Veteran, the diagnosis was mixed mechanism glaucoma with narrow angles, non-insulin-dependent diabetic with background diabetic retinopathy, cataracts, right eye greater than left eye, and slightly reduced vision in the right eye with a refractive error, normal vision in the left eye. The examiner opined that it is less likely as not that the Veteran's mixed mechanism glaucoma is either caused by or aggravated by his service-connected diabetes mellitus (or otherwise related to his service), explaining that there was no conclusive clinical evidence or clinical studies that link diabetes mellitus to be a causative factor in mixed mechanism glaucoma.

In November 2012 the Board sought a VHA medical expert advisory opinion in this matter. The December 6, 2012 opinion received in response indicates that the opinion sought (whether the Veteran's glaucoma is related to his diabetes) could not be offered as the current state of the record left unresolved whether he actually has glaucoma. The VHA expert (an ophthalmologist) suggested further development (an examination by a glaucoma specialist) to definitively determine whether the Veteran has glaucoma, and indicated that only after such evaluation would it be appropriate to "ask the question of was [the] glaucoma secondary to diabetes".

In a May 2013 remand Board instructed that the Veteran was to be examined by a glaucoma specialist. 

An October 2013 VA medical opinion (by an optometrist) received in response notes (with citation to medical text) that the Veteran's claimed glaucoma is at least as likely as not (a 50 percent or greater probability) proximately due to or the result of his service-connected type 2 diabetes mellitus. The rationale provided was that numerous studies have identified an association between diabetes mellitus and glaucoma, however a causal relationship has not been firmly identified. The opinion provided further noted that the opinion provider was not a glaucoma specialist but rather an optometrist. 

Because the opinion provided on October 2013 examination appeared facially inconsistent (i.e., is at least as likely as not vs. "a causal relationship has not been firmly identified"), and was by an optometrist, with a disclaimer stating that he was not a glaucoma specialist, the Board remanded the case for another examination/advisory opinion by an appropriate specialist. 

On July 2014 examination by a private ophthalmologist on behalf of VA, the diagnoses included bilateral glaucoma; the provider opined that the Veteran's glaucoma was at least as likely as not (a 50 percent or greater probability) proximately due to or the result of the Veteran's service-connected type 2 diabetes mellitus as diabetes is a known risk factor for glaucoma. 

The Board finds no reason to question/reject the report of the July 2014 examination and the medical opinion provided. The consulting specialist (in ophthalmology) has the requisite degree of expertise, expressed familiarity with the factual record, and included rationale for the opinion supporting the Veteran's claim, citing to the state of medical knowledge that acknowledges that diabetes is a known risk factor for glaucoma. The opinion is the most probative evidence in this matter, and is persuasive. All of the requirements for establishing secondary service connection are met: (a) The Veteran has glaucoma; (b) he has service-connected type 2 diabetes; and (c) competent evidence establishes that the diabetes was a cause of (by virtue of being a known risk factor for the development of) the glaucoma. Accordingly, secondary service connection for glaucoma is warranted.


ORDER

Service connection for glaucoma (as secondary to service-connected diabetes) is granted.


____________________________________________
George R. Senyk
Veterans Law Judge, Board of Veterans' Appeals


Department of Veterans Affairs