Citation Nr: 1629302 
Decision Date: 07/22/16 Archive Date: 08/01/16

DOCKET NO. 13-27 625 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Newark, New Jersey


THE ISSUES

1. Entitlement to service connection for a cervical spine condition, to include as secondary to the Veteran's service-connected bilateral patellofemoral syndrome. 

2. Entitlement to service connection for a back condition, to include as secondary to the Veteran's service-connected bilateral patellofemoral syndrome.


REPRESENTATION

Veteran represented by: Seth A. Director, Esq. 


WITNESS AT HEARING ON APPEAL

Veteran



ATTORNEY FOR THE BOARD

S. Reed, Associate Counsel


INTRODUCTION

The Veteran served on active duty in the United States Army from March 1982 to March 1985. 

This case comes before the Board of Veterans' Appeals (the Board) from a December 2011 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Winston-Salem, North Carolina.

The Veteran appeared at a Travel Board hearing at the RO in May 2016 before the undersigned Veterans Law Judge. A transcript of the hearing has been associated with the Veteran's claims file. 


FINDINGS OF FACT

1. The Veteran's current cervical spine disability is related to his period of active service. 

2. The Veteran's current back disability is related to his period of active service. 


CONCLUSIONS OF LAW

1. Resolving reasonable doubt in the Veteran's favor, the criteria to establish service connection for a cervical spine disability have been met. 38 U.S.C.A. §§ 1110, 5103, 5103A, 5107 (West 2014); 38 C.F.R. §§ 3.102, 3.159, 3.303 (2015).

2. Resolving reasonable doubt in the Veteran's favor the criteria to establish service connection for a back disability have been met. 38 U.S.C.A. §§ 1110, 5103, 5103A, 5107 (West 2014); 38 C.F.R. §§ 3.102, 3.159, 3.303 (2015)


REASONS AND BASES FOR FINDINGS AND CONCLUSION

The Board has reviewed the claims file. Although the Board has an obligation to provide reasons and bases supporting this decision, there is no need to discuss, in detail, all the evidence submitted by or on behalf of the Veteran. See Gonzales v. West, 218 F.3d 1378, 1380-81 (Fed. Cir. 2000) (noting that the Board must review the entire record, but does not have to discuss each piece of evidence). The analysis below focuses on the most salient and relevant evidence and on what this evidence shows, or fails to show, on the claim. The Veteran must not assume that the Board has overlooked pieces of evidence that are not explicitly discussed herein. See Timberlake v. Gober, 14 Vet. App. 122 (2000) (explaining that the law requires only that the Board address its reasons for rejecting evidence favorable to the Veteran).

Duties to Notify and Assist

The VCAA describes VA's duties to notify and assist veterans in substantiating a claim for VA benefits. 38 U.S.C.A. §§ 5100, 5102, 5103, 5103A, 5107, 5126 (West 2014); 38 C.F.R. §§ 3.102, 3.156(a), 3.159, 3.326(a) (2015). As discussed in more detail below, sufficient evidence is of record to grant the claims for entitlement to service connection for a cervical spine disability and for a back disability. Thus, any errors in complying with the notice or assistance requirements with respect to that matter are moot.

Analysis

The Veteran has claimed entitlement to service connection for a cervical spine disability and for a back disability. He raised two alternative theories of service connection. First, was that these disabilities are related to or caused by an in-service automobile accident. Second, was that these disabilities are related to or caused by his service-connected bilateral patellofemoral syndrome. As the evidence of record is sufficient to decide the issue of service connection solely on the first theory of service connection, the second will not be discussed further. 

Generally, service connection may be granted for disability or injury incurred in, or aggravated by, active military service. See 38 U.S.C.A. §§ 1110, 1131 (West 2014); 38 C.F.R. § 3.303 (2015). In order to establish service connection for a claimed disorder, there must be (1) a current disability; (2) an in-service incurrence or aggravation of a disease or injury; and (3) a nexus between the claimed in-service disease or injury and the current disability. See Hickson v. West, 12 Vet. App. 247, 253 (1999).
 
With respect to the Veteran's cervical spine disability, the medical evidence demonstrates a current disability; that is one present during the pendency of the Veteran's claim. Imaging from October and November 2010 indicated the Veteran had a moderate sized disc herniation at the C3-C4 levels of the spine with moderate flattening of the cord and narrowing of the left-sided foramen. Mild spinal stenosis was noted at the C4-C6 levels caused by disc bulging. An x-ray showed exaggerated kyphotic curvature of the mid-cervical spine with accelerated degenerative changes. The Veteran's treating physician, Dr. JP, indicated the Veteran had degenerative joint disease of the cervical spine with cervical radiculopathy. The November 2011 VA examiner noted a diagnosis of cervical strain with herniated disk, C3-4, with degenerative changes. Therefore, the first Hickson element with respect to the cervical spine disability is satisfied. 

As mentioned above, the Veteran has contended his cervical spine disability is a result of an in-service motor vehicle accident. The Veteran's service treatment records from June 1982 confirm the Veteran was in an automobile accident. The Veteran has consistently stated he was in an automobile accident in 1982, both as part of this claim, and as part of his past claims for service connection for bilateral patellofemoral syndrome. A March 2009 VA examination noted a history of an accident in 1982; so do the VA examinations in November 2011 and July 2012. Ashville VAMC records from December 2010 also mention a 1982 automobile accident. Therefore, there is sufficient evidence to establish the second Hickson element. 

Affording the Veteran the benefit of the doubt and reading the record as a whole, the record demonstrates there is a nexus between the Veteran's current cervical spine disability and the 1982 automobile accident. The November 2011 VA examiner noted a diagnosis of cervical strain with herniated disk, C3-4, with degenerative changes and opined that the Veteran's cervical spine disability was more likely than not caused by a history of an automobile accident. However, with regard to the history of the cervical spine disability, the examiner noted that it began in 1988 and occurred from an automobile accident. The Veteran's attorney has argued that the notation of 1988 instead of 1982 was a scrivener's error. The Veteran testified that he was not in an automobile accident in 1988. There is no other evidence indicating there was an automobile accident in 1988. However, as mentioned above, three VA examinations noted that there was an automobile accident in 1982, as did the Veteran's service treatment records. The Board finds the Veteran's testimony credible based on its consistency with the record. Weighing the evidence, the Board finds that the evidence is at least in equipoise that the November 2011 examiner's opinion intended to attribute the Veteran's cervical spine disability to a 1982 automobile accident. Therefore, the third Hickson element is satisfied. 

With respect to the claim for a back disability, the evidence demonstrates a current disability. October 2010 imagining showed mild lumbar spondylosis. November 2011 imaging showed an annular tear with foraminal narrowing at the L2-L3 levels. More recent medical records form the East Orange VAMC also show treatment for back pain, including epidural injections for his low back pain. The November 2011 VA examiner noted a diagnosis of lumbar strain and degenerative disease Therefore, the first Hickson element is satisfied. 

The Veteran also attributed his back disability to the automobile accident in 1982. As discussed above, there is sufficient evident to establish the Veteran was in an automobile accident in 1982 during his period of active service. Therefore, the second Hickson element is satisfied. 

The record also supports a positive nexus between the current back disability and the 1982 automobile accident. The November 2011 VA examination noted that the pain began contemporaneous to the 1982 accident. The Veteran testified that he experienced the back pain while in service but his platoon Sergeant would effectively ignore his reports of pain and have him continue on. The November 2011 examiner noted a diagnosis of lumbar strain and degenerative disease and opined that the Veteran's back disability was more likely than not caused by his history of an automobile accident. Unlike the history for the cervical spine disability, in the history for the back disability there is no mention of a 1988 automobile accident, only a 1982 accident. Reading the exam as a whole, the examiner is opining the Veteran's current back disability is more likely than not caused by the 1982 automobile accident. There is no evidence in the record to contradict this opinion, thus it is given great weight. Therefore, the third Hickson element is satisfied. 

Resolving all reasonable doubt in favor of the Veteran, his cervical spine and back disabilities cannot be satisfactorily disassociated from service. Thus, all elements required to establish service connection for these disabilities have been satisfied, and service connection is warranted. 38 C.F.R. § 3.102 (2015). See also 38 U.S.C.A. § 5107(b) (West 2014); Gilbert v. Derwinski, 1 Vet. App. 49, 53-56 (1990).

ORDER

Service connection for a cervical spine disability is granted. 

Service connection for a back disability is granted. 



____________________________________________
K. J. ALIBRANDO
Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs