**Richard B. GONZALES, Claimant–Appellant,**

v.

**Togo D. WEST, Jr., Secretary of Veterans Affairs, Respondent–Appellee.**

No. 00–7018.

United States Court of Appeals, Federal Circuit.

July 12, 2000.

Kenneth M. Carpenter, Carpenter, Chartered, of Topeka, Kansas, argued for claimant-appellant.

Bryant S. Banes, Attorney, Commercial Litigation Branch, Civil Division, Department of Justice, of Washington, DC, argued for respondent-appellee. With him on the brief were David W. Ogden, Acting Assistant Attorney General; David M. Cohen, Director; and Kirk T. Manhardt, Assistant Director. Of counsel on the brief were Donald E. Zeglin, Acting Assistant General Counsel; and Y. Ken Lee, Attorney, Department of Veterans Affairs, of Washington, DC.

Before NEWMAN, MICHEL, and LOURIE, Circuit Judges.

MICHEL, Circuit Judge.

Richard B. Gonzales was in active military service from July 1968 to December 1969. Mr. Gonzales applied for benefits for disability due to the effects of Post–Traumatic Stress Disorder ("PTSD") in August of 1984. On September 13, 1984, the Veterans Affairs Regional Office ("RO") granted Mr. Gonzales a service connection for PTSD at a thirty percent (30%) rating. He did not appeal this rating, rendering final the RO decision.

Upon a showing of clear and unmistakable error ("CUE")[1], the RO decision, although final, could be reopened. On March 5, 1996, Mr. Gonzales filed a claim alleging CUE in the 1984 RO decision. Mr. Gonzales alleged that the failure of the RO decision to discuss a 1984 medical report violated 38 C.F.R. § 3.303. In a November 21, 1997 decision, the Board of Veterans' Appeals denied Mr. Gonzales's CUE claim, finding no violation of 38 C.F.R. § 3.303. On July 28, 1999, the Court of Appeals for Veterans Claims affirmed the decision of the Board of Veterans' Appeals,[2] holding that Mr. Gonzales had failed to demonstrate CUE in the RO determination. On October 14, 1999, Mr. Gonzales appealed to this court. The appeal was submitted for our decision following oral argument on June 6, 2000. We have jurisdiction over this appeal under 38 U.S.C. § 7292(a).

---

1. 38 C.F.R. § 3.105, the regulation regarding revision of decisions, states:
   (a) Error. Previous determinations which are final and binding, including decisions of service connection, ... will be accepted as correct in the *absence of clear and unmistakable error. Where evidence establishes such error, the prior decision will be reversed or amended.* For the purpose of authorizing benefits, the rating or other adjudicative decision which constitutes a reversal of a prior decision on the grounds of clear and unmistakable error has the same effect as if the corrected decision had been made on the date of the reversed decision.
   38 C.F.R. § 3.105(a) (1999) (emphasis added).

2. 38 U.S.C. § 7252 gives the Court of Appeals for Veterans Claims jurisdiction over appeals from the Board of Veterans' Appeals, stating:
   (a) The Court of Appeals for Veterans Claims shall have exclusive jurisdiction to review decisions of the Board of Veterans' Appeals. The Secretary may not seek review of any such decision. The Court shall have power to affirm, modify, or reverse a decision of the Board or to remand the matter, as appropriate.
   (b) Review in the Court shall be on the record of proceedings before the Secretary and the Board.
   38 U.S.C. § 7252 (1994).

We affirm the Court of Appeals for Veterans Claims decision which correctly, if only implicitly, construed the relevant regulation.

## ANALYSIS

■ The regulation in question here, 38 C.F.R. § 3.303(a), provides:

> Determinations as to service connection will be *based on review of the entire evidence of record,* with due consideration to the policy of the Department of Veterans Affairs to administer the law under a broad and liberal interpretation consistent with the facts in each individual case.

38 C.F.R. § 3.303(a) (1999) (emphasis added). Mr. Gonzales asks us to interpret the language of this regulation, in particular the word "review," to require the RO to *"analyze and discuss* the ... 'entire evidence of record' to ensure that all relevant and favorable evidence has been considered." Appellant's Br. at 3–4 (emphasis added). Because Mr. Gonzales's appeal raises an issue of interpretation of a regulation relied upon by the Court of Appeals for Veterans Claims in its decision, we have jurisdiction under 38 U.S.C. § 7292(a). *See Helfer v. West,* 174 F.3d 1332, 1335 (Fed.Cir.1999) ("[A]ny party ... may obtain a review of the decision with respect to the validity of any statute or regulation ... or any interpretation thereof (other than a determination as to a factual matter) that was relied on by the Court [of Appeals for Veterans Claims] in making the decision.").

Mr. Gonzales contends that the opinion by the Court of Appeals for Veterans Claims did not address his legal argument that the RO had ignored the requirements of 38 C.F.R. § 3.303(a). Rather, Mr. Gonzales argues, the Court of Appeals for Veterans Claims' decision only addressed a narrower, purely factual issue of whether the RO had actually reviewed the medical report at issue in the instant case. Upon perusal of the Court of Appeals for Veterans Claims opinion, we must agree that it does not specifically address Mr. Gonzales's proposed definition of the word "re-view" in the regulation. But we find that the opinion implicitly holds that "review" does not require an explanation in the RO decision of the impact or lack thereof of every piece of evidence of record. On page 2 of its opinion, the court states that:

> appellant alleges that in September 1984 the [RO] committed CUE by failing to apply 38 C.F.R. § 3.303(a) .... The record on appeal reveals that the August 1984 [Veterans Affairs] medical examination was before the [RO] in its September 1984 decision .... The Court holds ... that the Board [of Veterans' Appeals] provided sufficient reasons and bases for its decision.

*Gonzales v. West,* No. 98–137, slip op. at 2, 1999 WL 554233 (Vet.App. July 28, 1999).

Mr. Gonzales cites no regulatory history that in any way suggests that the drafters of 38 C.F.R. § 3.303(a) meant to give "review" the definition he suggests, i.e., "discuss." Nor does Mr. Gonzales cite any case law supporting his argument that all evidence must be discussed within the four corners of the RO decision. Mr. Gonzales's argument relies solely on the general nature of the veterans' benefit adjudication system which requires, he postulates, "the Agency [to] analyze and discuss all evidence of record when making a Ratings Decision. To hold otherwise provides no *assurance* to the veteran that the favorable evidence was even considered and certainly provides no explanation as to why such evidence was rejected by the Agency when making its decision." Appellant's Br. at 7 (emphasis added). Mr. Gonzales only cites as support for his argument cases that state that the veterans' benefit adjudication system is designed to help the veterans. Mr. Gonzales's argument finds no support, either, in the plain language of the regulation which requires merely that determinations as to service connection be based on "review" of the "entire evidence" of record.

The definition in Black's Law Dictionary of "review" is "[t]o re-examine judicially or administratively." *Black's Law Dictio-*

*nary* 1320 (6th ed.1990). We decline to extend the meaning of "review" beyond its normal meaning as suggested by Mr. Gonzales. "Review," we hold, is not synonymous with "analyze and discuss" as Mr. Gonzales argues, and the regulation requires no specific reference in the decision to every piece of evidence so reviewed. We agree with Mr. Gonzales that the veterans' benefit adjudication system is designed to help veterans, but regard the regulation, as written, to be of such assistance and see no conflict between it and the general principles embodied in the cases he cites. The regulation as we construe it, is eminently fair to veterans, requiring the RO to be thorough, to weigh all evidence before it, and only then to make its decision.

Mr. Gonzales argues as if the regulation expressly required that the RO give detailed explanations as to why it was relying upon or rejecting each piece of evidence in making the determination, but the regulation plainly does not so require. Furthermore, we lack authority to revise the regulation to make it so read. Contrary to Mr. Gonzales's argument, we hold that absent specific evidence indicating otherwise, all evidence contained in the record at the time of the RO's determination of the service connection must be presumed to have been reviewed by the Department of Veterans Affairs, and no further proof of such review is needed. *Cf. Clemmons v. West,* 206 F.3d 1401, 1403 (Fed.Cir.2000) ("Government officials are presumed to carry out their duties in good faith and proof to the contrary must be almost irrefragable to overcome that presumption."); *Medtronic, Inc. v. Daig Corp.,* 789 F.2d 903, 906 (Fed.Cir.1986) ("We presume that a fact finder reviews all the evidence presented unless he explicitly expresses otherwise."). Specifically, we reject the view that all evidence must be discussed. If silence leaves veterans lacking "assurance" as Gonzales suggests, then so be it, for only the Secretary can frame a curative regulation; we cannot.

## CONCLUSION

Because the regulation does not require that the RO discuss all evidence, the Court of Appeals for Veterans Claims' decision affirming the Board's rejection of the CUE claim, therefore, is

*AFFIRMED.*