NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**MICHAEL L. FOX,**

*Claimant-Appellant,*

v.

**ERIC K. SHINSEKI, SECRETARY OF VETERANS AFFAIRS,**

*Respondent-Appellee.*

---

2010-7071

---

Appeal from the United States Court of Appeals for Veterans Claims in case No. 07-3797, Judge Alan G. Lance, Sr.

---

Decided: October 7, 2010

---

MICHAEL L. FOX, of Wayland, Missouri, pro se.

KAREN V. GOFF, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. With her on the brief were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director, and MARTIN

F. HOCKEY, JR., Assistant Director. Of counsel on the brief was DAVID J. BARRANS, Deputy Assistant General Counsel, Office of the General Counsel, United States Department of Veterans Affairs, of Washington, DC.

—————————————

Before DYK, MAYER, and MOORE, *Circuit Judges*.

Per Curiam.

Michael L. Fox appeals from a decision of the U.S. Court of Appeals for Veterans Claims (Veterans Court), *Fox v. Shinseki*, No. 07-3797 (Vet. App. Feb. 16, 2010), affirming a decision by the Board of Veterans' Appeals (Board) denying Mr. Fox's claim for entitlement to service connection for urticaria. For the reasons discussed below, we *dismiss* for lack of jurisdiction.

Mr. Fox served in the Iowa National Guard from 1985 to 1997. He served on active duty from January 1986 to April 1986 and from January 1991 to June 1991, and he had active duty training during August 1992. Mr. Fox's service and private medical records reflect multiple treatments for urticaria, an allergic skin disorder. However, the records contain conflicting information as to when Mr. Fox's urticaria first occurred.

In December 1996, Mr. Fox filed an Application for Compensation or Pension for, among other things, chronic urticaria. The Department of Veterans Affairs (VA) Regional Office (RO) issued a rating decision in October 1997 denying service connection for Mr. Fox's urticaria. Mr. Fox underwent multiple VA medical examinations following this decision; the RO issued multiple Statements of the Case and Supplemental Statements of the Case, each denying service connection for Mr. Fox's urticaria. Mr. Fox appealed to the Board, and in December

2004 the Board remanded his claim to the RO for additional development.

The RO issued a new Supplemental Statement of the Case in November 2006, again denying service connection for urticaria. Mr. Fox appealed to the Board. The Board found that the record contained no evidence showing that Mr. Fox's urticaria began during, was causally related to, or was aggravated by, his active service. Accordingly, the Board denied Mr. Fox's claim of service connection for urticaria.

Mr. Fox appealed to the Veterans Court, arguing that VA failed to obtain records from his service in the National Guard from 1986 to 1992. Mr. Fox also argued that the Board failed to consider all of his medical records, improperly weighed the evidence of record, and improperly provided its own medical opinion. The Veterans Court observed that the record contained medical records from the 1986 to 1992 time period and that Mr. Fox did not specify what documents, if any, were missing. Therefore, the Veterans Court held that VA satisfied its duty to assist in obtaining Mr. Fox's records. The Veterans Court noted that Mr. Fox did not point to any relevant evidence that the Board failed to consider and, citing *Gonzales v. West*, 218 F.3d 1378, 1381 (Fed. Cir. 2000), observed that the Board is presumed to have reviewed all evidence of record absent specific evidence to the contrary. Thus, the Veterans Court found no error in the Board's review of the evidence of record. Finally, the Veterans Court observed that Mr. Fox had not identified any medical opinion proffered by the Board and held that Mr. Fox failed to present any argument for the court to entertain on that point. The Veterans Court affirmed the Board's decision.

Mr. Fox appeals the Veterans Court's judgment. Under 38 U.S.C. § 7292(c), our jurisdiction over Veterans Court decisions is limited. We may review "the validity of a decision of the [Veterans] Court on a rule of law or of any statute or regulation . . . or any interpretation thereof (other than a determination as to a factual matter) that was relied on by the Court in making the decision." *Id.* § 7292(a). However, absent a constitutional issue, we cannot review factual determinations or "challenge[s] to a law or regulation as applied to the facts of a particular case." *Id.* § 7292(d)(2).

On appeal, Mr. Fox asserts that the Veterans Court erred by offering a medical opinion. However, Mr. Fox fails to identify any such medical opinion. To the extent Mr. Fox appeals the Veterans Court's determination that he failed to adequately present this argument below, this is a challenge to the Veterans Court's application of law to fact that we lack jurisdiction to review. *See* 38 U.S.C. § 7292(d)(2). Mr. Fox also asserts that the Veterans Court failed to consider a 2003 letter from his doctor that allegedly shows that his urticaria began in 1987, and he asks this court to take into consideration the timing of his urticaria outbreaks and the medication he was taking. Mr. Fox does not challenge any rule of law applied by the Veterans Court, nor does he raise any issue concerning the validity or interpretation of a statute or regulation implicated by the Veterans Court's decision. Because Mr. Fox fails to allege any legal error in this case and we lack jurisdiction to review Mr. Fox's factual challenges, we must dismiss Mr. Fox's appeal for lack of jurisdiction.

**DISMISSED**

## Costs

No costs.