http://www.va.gov/vetapp16/Files4/1630422.txt

Citation Nr: 1630422 
Decision Date: 07/29/16 Archive Date: 08/04/16

DOCKET NO. 11-09 091 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Philadelphia, Pennsylvania

THE ISSUE

Entitlement to a compensable rating for bilateral hearing loss.

REPRESENTATION

Appellant represented by: The American Legion

WITNESS AT HEARING ON APPEAL

Appellant

ATTORNEY FOR THE BOARD

T. Matta, Associate Counsel

INTRODUCTION

The appellant is a Veteran who served on active duty from May 1971 to December 1985, and had additional periods of active service. This matter is before the Board of Veterans' Appeals (Board) on appeal from a June 2010 rating decision of the Philadelphia, Pennsylvania Department of Veterans Affairs (VA) Regional Office (RO) that granted service connection for bilateral hearing loss, rated 0 percent, effective October 27, 2009 (date of claim). In October 2013, a videoconference hearing was held before the undersigned; a transcript is in the record. In April 2014, this matter was remanded for additional development.

The April 2014 Board remand referred to the Agency of Original Jurisdiction (AOJ) a claim seeking an increased rating for hypertension. As there is no indication that the AOJ has acted on the referral, that issue is again referred to the AOJ for appropriate action. 38 CFR 19.9(b)(2015); see 79 Fed. Reg. 57,660 (Sept. 24, 2014) (codified in 38 CFR Parts 3, 19, and 20 (2015)).

FINDING OF FACT

At no time under consideration is the Veteran's hearing acuity shown to have been worse than Level III in the right ear or Level II in the left.

CONCLUSION OF LAW

A compensable rating for bilateral hearing loss is not warranted. 38 U.S.C.A. § 1155 (West 2015); 38 C.F.R. Part 4, §§ 4.85, 4.86, Code 6100 (2015).

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veterans Claims Assistance Act of 2000 (VCAA)

VA's duty to notify was satisfied by a letter in February 2013. See 38 U.S.C.A. §§ 5102, 5103, 5103A (West 2015); 38 C.F.R. § 3.159 (2015); see also Scott v. McDonald, 789 F.3d 1375 (Fed. Cir. 2015).

The Veteran's service treatment records (STRs) and pertinent postservice treatment records have been secured. VA examinations were conducted in conjunction with this appeal in December 2009, March 2013, and, pursuant to the Board's April 2014 remand, in June 2014. The Board finds the reports of the examinations adequate for rating purposes as they included audiometry in accordance with regulatory criteria, and the examiners expressed familiarity with the Veteran's history and the hearing loss disability picture presented. The examiners elicited from the Veteran and accepted at face value his descriptions of the impact of his hearing loss on his functioning. He has not identified any additional pertinent evidence that remains outstanding. VA's duty to assist is met.

Legal Criteria, Factual Background, and Analysis

Initially, the Board notes that it has reviewed all of the evidence in the Veteran's record with an emphasis on the evidence relevant to this appeal. Although the Board has an obligation to provide reasons and bases supporting its decision, there is no need to discuss, in detail, every piece of evidence. Gonzales v. West, 218 F.3d 1378, 1380-81 (Fed. Cir. 2000). Hence, the Board will summarize the relevant evidence, as deemed appropriate, and the Board's analysis will focus specifically on what the evidence shows, or does not show, as to the claim.

Disability ratings are based on average impairment in earning capacity resulting from a particular disability, and are determined by comparing symptoms shown with criteria in VA's Schedule for Rating Disabilities. 38 U.S.C.A. § 1155; 38 C.F.R., Part 4. Separate diagnostic codes identify the various disabilities. 

Ratings for hearing loss disability are derived from Table VII of 38 C.F.R. § 4.85 by a mechanical application of the rating schedule to numeric designations for hearing acuity assigned after audiometric evaluations are performed. Lendenmann v. Principi, 3 Vet. App. 345, 349 (1992). The numeric designations correspond to eleven auditory acuity levels, indicated by Roman numerals, where Level I denotes essentially normal acuity and Level XI denotes profound deafness. The assignment of the appropriate numeric level is based on the results of controlled speech discrimination tests in combination with the claimant's average hearing threshold. The average puretone threshold is derived from puretone audiometric testing in the frequencies of 1000, 2000, 3000, and 4000 Hertz. 38 C.F.R. § 4.85.

Rating specialists use either Table VI or VIA of 38 C.F.R. § 4.85 to determine the hearing acuity level. Table VIA is employed when the use of speech discrimination tests is inappropriate due to language difficulties, inconsistent speech discrimination scores, etc., or where there is an exceptional pattern of hearing loss (defined in 38 C.F.R. § 4.86). One such pattern occurs when the puretone threshold at each of the four specified frequencies (1000, 2000, 3000, and 4000 Hertz) is 55 decibels or more. 38 C.F.R. § 4.86(a). Another occurs when the puretone threshold at 1000 Hertz is 30 decibels or less and the puretone threshold at 2000 Hertz is 70 decibels or more. 38 C.F.R. § 4.86(b). 

As this appeal is from the initial rating assigned with the award of service connection, "staged" ratings are for consideration. Fenderson v. West, 12 Vet. App. 119 (1999).

On December 2009 VA audiological examination, audiometry revealed that puretone thresholds were:

1000
2000
3000
4000
R
10
60
60
50
L
20
65
55
50

The average puretone thresholds were 45 decibels for the right ear and 48 decibels for the left ear. Speech audiometry revealed speech recognition ability of 84 percent in the right ear and 96 percent in the left. The Veteran was found to have severe sensorineural hearing loss (SNHL) bilaterally. He reported difficulty with conversations, especially in the presence of background noise.

On December 2012 VA audiological consult, audiometry revealed that puretone thresholds were:

1000
2000
3000
4000
R
20
60
65
55
L
15
65
50
50

The average puretone thresholds were 50 decibels for the right ear and 45 decibels for the left. Speech audiometry revealed speech recognition ability of 96 percent in the right ear and 100 percent in the left.

On March 2013 VA audiological evaluation, audiometry revealed that puretone thresholds were:

1000
2000
3000
4000
R
15
60
60
55
L
20
65
50
50

The average puretone thresholds were 48 decibels in the right ear and 46 decibels in the left. Speech audiometry revealed speech recognition ability of 76 percent in the right ear and 88 percent in the left ear. The examiner opined that the Veteran's hearing loss impacted on ordinary conditions of life, including such as difficulty hearing when watching television, following conversations, and hearing an oven timer.

At the October 2013 Travel Board hearing, the Veteran testified that he has to turn the television volume up in order to hear it, although his wife tells him that the volume is too loud. He also has trouble hearing an oven timer even when he is next to the oven. He testified that family members became upset at having to constantly repeat what they said to him.
On June 2014 VA audiological examination pursuant to the Board's April 2014 remand, audiometry revealed that puretone thresholds were:

1000
2000
3000
4000
R
10
60
55
55
L
15
60
50
50

The average puretone thresholds were 45 decibels in the right ear and 44 decibels in the left. Speech audiometry revealed speech recognition ability of 96 percent in the right ear and 94 percent in the left. The Veteran did not identify the effect his hearing loss has on his daily activities; the examiner opined that the Veteran's hearing loss did not impact on ordinary conditions of daily life, including ability to work. 

A review of all the audiometry of record found none showing a hearing impairment warranting a compensable rating. Specifically, under Table VI, the December 2009 VA audiometry found Level II and Level I hearing in the right and left ears, respectively; the March 2013 VA audiometry found Level III and Level II hearing in the right and left ears, respectively; and the December 2012 and June 2014 VA audiometry (each) found Level I hearing in each ear. No examination found an exceptional pattern of hearing loss, as defined in 38 C.F.R. § 4.86 (so as to warrant rating under the alternate criteria in Table VIA). Accordingly, no audiometry during the period under consideration shows a hearing loss disability warranting a compensable rating under the schedular criteria for rating hearing loss. 

Regarding the Veteran's assertions that his hearing impairment is greater than reflected by the 0 percent rating assigned, the Board acknowledges he is competent to testify as to symptoms he experiences, including difficulty hearing. However, as a layperson, he is not competent to establish his level of hearing impairment by his own opinion. As noted above, the rating of hearing loss disability involves the mechanical application of the rating schedule to findings on controlled audiometry. Such application here results in a 0 percent rating being warranted throughout. See Lendenmann, 3 Vet. App. at 349. The Board finds no reason to question that the functional impairment flowing from the Veteran's hearing loss disability is as he describes, and includes difficulty hearing television, oven timers, and conversation (particularly with background noise) . However, such impairment is contemplated by the 0 percent rating assigned. Further, the Board notes what while the Veteran's representative alleged in May 2016 written argument that there were "countless errors" on June 2014 VA examination, no specific error was identified, and no prejudicial error is evident. As noted above, the Board has found the June 2014 VA examination to be adequate for rating purposes as it included audiometry in accordance with regulatory criteria and the examiner opined regarding the functional impact from the Veteran's hearing loss. And, as indicated in the examination report, the examiner sought information from the Veteran regarding the impact his hearing loss has on his activities, and he did not respond. 

The Board has considered whether this matter should be referred for consideration of an extraschedular rating under 38 C.F.R. § 3.321(b). However, as the schedular criteria contemplate the findings and associated functional impairment (such as difficulty hearing the television, conversations with background noise, and the oven timer) shown and there is no impairment (alleged or shown) that is not encompassed by the schedular criteria, those criteria are not inadequate, and referral for extraschedular consideration is not necessary. See Thun v. Peake, 22 Vet. App. 111 (2008). Finally, the Veteran was awarded a TDIU rating by a July 2014 rating decision, and has not expressed disagreement with the effective date of the award. The matter of overall entitlement to a TDIU rating is moot, and the record does not suggest, nor has the Veteran alleged, that his hearing loss of itself renders him unemployable. 

ORDER

A compensable rating for bilateral hearing loss is denied.

____________________________________________
GEORGE R. SENYK
Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs