http://www.va.gov/vetapp16/Files5/1639949.txt

Citation Nr: 1639949 
Decision Date: 09/30/16 Archive Date: 10/13/16

DOCKET NO. 14-29 703 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Oakland, California

THE ISSUE

Entitlement to a rating in excess of 70 percent for posttraumatic stress disorder (PTSD).

REPRESENTATION

Appellant represented by: Disabled American Veterans

ATTORNEY FOR THE BOARD

L. Zobrist, Counsel

INTRODUCTION

The appellant is a Veteran who served on active duty from September 1961 to May 1962. This matter is before the Board of Veterans' Appeals (Board) on appeal from an October 2012 rating decision by the Lincoln, Nebraska, Department of Veterans Affairs (VA) Regional Office (RO) that granted service connection for PTSD, rated 70 percent. Interim December 2015 and June 2016 rating decisions by the Oakland, California, RO granted temporary total ratings based on periods of hospitalization in excess of 21 days (August 19, 2014, through September 30, 2014, and June 10, 2015, through August 31, 2015, respectively). The Veteran's record is now in the jurisdiction of the Oakland RO. This matter was previously before the Board in July 2015, when it was remanded for additional development. 

This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c) (2015). 38 U.S.C.A. § 7107(a)(2) (West 2014).

FINDING OF FACT

The Veteran's PTSD is manifested by symptoms productive of total occupational and social impairment.

CONCLUSION OF LAW

A schedular 100 percent rating is warranted for the Veteran's PTSD. 38 U.S.C.A. §§ 1155, 5107 (West 2014); 38 C.F.R. § 4.3, 4.7, 4.21, 4.126, 4.130, Code 9411 (2015).

REASONS AND BASES FOR FINDING AND CONCLUSION

Notice and Assistance

Inasmuch as this decision grants in full the benefit sought, there is no reason to discuss satisfaction of VA's duties to notify and assist; any notice duty to assist omission is harmless.

Legal Criteria, Factual Background, and Analysis

The Board notes that it has reviewed all the evidence in the record. Although the Board has an obligation to provide adequate reasons and bases supporting its decision, there is no requirement that the Board discuss every piece of evidence in the record. The Board will summarize the relevant evidence, as deemed appropriate, and the Board's analysis will focus on what the evidence shows, or fails to show, as to the claim. See Gonzalez v. West, 218 F.3d 1378, 1380-81 (Fed. Cir. 2000). 

Disability evaluations are determined by the application of a schedule of ratings, which is based on average impairment of earning capacity caused by the given disability. Separate diagnostic codes identify the various disabilities. 38 U.S.C.A. § 1155; 38 C.F.R. Part 4. 

PTSD is rated under the General Rating Formula for Mental Disorders. A 100 percent rating is warranted when there is total occupational and social impairment, due to such symptoms as: gross impairment in thought processes or communication; persistent delusions or hallucinations; grossly inappropriate behavior; persistent danger of hurting self or others; intermittent inability to perform activities of daily living (including maintenance of minimal personal hygiene); disorientation to time or place; memory loss for names of close relatives, own occupation, or own name. 38 C.F.R. § 4.130, Code 9434.

When evaluating a mental disorder, the rating agency shall consider the frequency, severity, and duration of psychiatric symptoms, the length of remissions, and the Veteran's capacity for adjustment during periods of remissions. The rating agency shall assign an evaluation based on all the evidence of record that bears on occupational and social impairment rather than solely on the examiner's assessment of the level of disability at the moment of the examination. 38 C.F.R. § 4.126 (a). When evaluating the level of disability from a mental disorder, the rating agency will consider the extent of social impairment, but shall not assign an evaluation on the basis of social impairment. 38 C.F.R. § 4.126 (b). The use of ameliorating medication is specifically contemplated by the rating schedule, and the effects of such use may be considered when rating such disabilities. See Jones v. Shinseki, 26 Vet. App. 56 (2012).

Where the rating appealed is the initial rating assigned with a grant of service connection, the entire appeal period is for consideration, and separate ("staged") ratings may be assigned for separate periods of time, based on the facts found. Fenderson v. West, 12 Vet. App. 119, 126 (1999). 

When a question arises as to which of two ratings applies under a particular code, the higher rating is assigned if the disability more closely approximates the criteria for the higher rating. 38 C.F.R. § 4.7. When there is an approximate balance of positive and negative evidence regarding the merits of an issue material to the determination of the matter, including regarding degree of disability, the benefit of the doubt in resolving each such issue shall be given to the claimant. 38 U.S.C.A. § 5107(b); 38 C.F.R. §§ 3.102, 4.3. When all of the evidence is assembled, VA is responsible for determining whether the evidence supports the claim or is in relative equipoise, with the Veteran prevailing in either event, or whether a fair preponderance of the evidence is against the claim, in which case the claim is denied. Gilbert v. Derwinski, 1 Vet. App. 49, 55 (1990).

The July 2015 Board decision granted the Veteran a total disability rating based on individual unemployability. Hence, total occupational impairment has been established. What remains to be shown is whether his PTSD also produces total social impairment. The Board finds that the record supports that it does.

The Veteran filed his claim of service connection for PTSD in June 2012. In a July 2012 statement, he reported that he had experienced symptoms, to include depression and suicidal ideation, since service. 

On September 2012 VA examination, it was noted that the Veteran's symptoms included irritability or outbursts of anger, depressed mood, anxiety, chronic sleep impairment, mild memory loss, flattened affect, impaired judgment, disturbances of motivation and mood, difficulty in adapting to stressful circumstances, inability to establish and maintain effective relationships, and suicidal ideation. His depression was described as severe, and the examiner noted that when the Veteran was working, he kept to himself due to anger and irritability. 

In December 2012, the Veteran sought VA mental health treatment for suicidal ideation. He reported a recent prior attempt. On May 2013 Vet Center intake assessment, the Veteran, in pertinent part, reported suicidal thoughts, current plan, and prior attempts. He rated himself as 8-10 out of 10 on the subjective units of distress scale, a self-assessment of the intensity of his current psychiatric disturbance/distress. A November 2013 VA treatment record notes he had hallucinations, pseudo hallucinations, and illusions. A February 2014 VA treatment record documents current suicidal and homicidal ideation. He reported that he denies himself food as a response to his psychological symptoms. 

On April 2014 VA examination, the Veteran reported suicidal thoughts and feelings, to include describing his specific suicide plan. He also reported auditory hallucinations, which the examiner described as persistent. He also reported thoughts of wanting to hurt others. The examiner opined that the Veteran was not able to trust men that he might encounter in the workplace. 

In May 2014, the Veteran reported auditory hallucinations. From August to September 2014, he received inpatient treatment due to suicidal and homicidal ideation. Persecutory auditory hallucinations were noted. A November 2014 VA treatment record notes hallucinations. In January 2015, the Veteran contacted a VA hotline to express suicidal and homicidal ideation. He was subsequently hospitalized at a private facility on a psychiatric hold. (Records from the private facility were not obtained, but VA treatment records confirm the reported treatment.) From June to August 2015, the Veteran received inpatient treatment for PTSD and depression with psychotic features. 

On May 2016 VA examination, the examiner noted suicidal ideation and the Veteran's inability to get along with men due to distrust. 

The Board acknowledges that it appears the Veteran's psychiatric disability fluctuates and has escalated over time (suggesting that staged ratings may be appropriate), and that some of his reported symptoms may be related to non-service-connected neurological disability (a question that was not adequately resolved on prior remand.) However, medical records added to the claims file on remand indicate that certain pertinent symptoms consistent with the type of impairment contemplated by a 100 percent schedular rating, such as suicidal ideation, have persisted since the claim was filed. Viewing the reported/documented symptoms of social impairment in a light most favorable to the Veteran, and resolving all reasonable doubt in his favor, the Board finds that his PTSD is manifested by symptoms productive of total occupational and social impairment; warranting a 100 percent schedular rating throughout.

ORDER

An initial 100 percent schedular rating for PTSD is granted, subject to the regulations governing payment of monetary awards.

____________________________________________
George R. Senyk
Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs