Citation Nr: 1725267 
Decision Date: 06/21/17 Archive Date: 07/17/17

DOCKET NO. 12-23 411 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Atlanta, Georgia


THE ISSUE

Entitlement to service connection for renal cell carcinoma, to include residuals, due to exposure to contaminated water at Camp Lejeune and/or exposure to herbicide in Vietnam.


REPRESENTATION

Appellant represented by: Attorney Robert V. Chisholm


ATTORNEY FOR THE BOARD

S. Anwar, Associate Counsel





INTRODUCTION

The Veteran had active service from February 1963 to December 1966.

This matter comes before the Board of Veterans' Appeals (Board) from a May 2010 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Atlanta, Georgia.

The case was remanded in July 2015 for evidentiary development. All actions ordered by the remand have been accomplished. 

Pursuant to VA's duties to notify and assist the Veteran, VA advised the claimant how to substantiate an application for benefits, obtained all relevant and available evidence, and conducted any appropriate medical inquiry. The appeal is ready for appellate review. This appeal was processed using the Virtual VA and Veterans Benefits Management System (VBMS) paperless claims processing system. 


FINDINGS OF FACT

1. The Veteran was stationed at United States Marine Corps Base Camp Lejeune from August 1964 to January 1966, and is therefore presumed to have been exposed to contaminants in the water supply at such base.

2. The Veteran has a current diagnosis of renal cell cancer, post right radical nephrectomy, with residuals.


CONCLUSION OF LAW

The criteria for service connection for renal cell cancer have been met. 38 U.S.C.A. §§ 1110, 1111, 1112, 1113, 1131, 1132, 5107(b) (West 2014); 38 C.F.R. §§ 3.102, 3.303, 3.304, 3.307, 3.309 (2016).


REASONS AND BASES FOR FINDINGS AND CONCLUSION

The Veteran seeks to establish service connection for renal cell cancer, to include residuals, which he has claimed is due to exposure to contaminated water at Camp Lejeune and/or due to exposure to herbicides in Vietnam. As the Board finds that service connection for such disease is warranted based on the former theory of entitlement, the latter theory need not be addressed.

Service connection may be granted for a disability resulting from a disease or injury incurred in or aggravated by service. See 38 U.S.C.A. §§ 1110, 1131; 38 C.F.R. § 3.303(a). "To establish a right to compensation for a present disability, a Veteran must show: '(1) the existence of a present disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the present disability and the disease or injury incurred or aggravated during service' - the so-called 'nexus' requirement." Holton v. Shinseki, 557 F.3d 1362, 1366 (Fed. Cir. 2010) (quoting Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004)). Disorders diagnosed after discharge will still be service connected if all the evidence, including that pertinent to service, establishes that the disease was incurred in service. 38 C.F.R. § 3.303(d); see Combee v. Brown, 34 F.3d 1039, 1043 (Fed. Cir. 1994).

VA has recognized, with regards to veterans who served at Camp Lejeune for no less than 30 days, either consecutive or non-consecutive, between August 1, 1953 and December 31, 1987, to have potential exposure to contaminants present in the base water supply prior to 1988. See Honoring America's Appellants and Caring for Camp Lejeune Families Act of 2012, § 505(a), Pub L. 112-154, 126 Stat. 1165 (August 6, 2012) ((codified as amended at 38 U.S.C.A. § 5103A (b)(2)(B) (hereinafter "Camp Lejeune Act")). Under this law, certain diseases shall be presumed to be the result of exposure to Camp Lejeune base water and may be service-connected provided additional requirements are satisfied. As amended, 38 C.F.R. §§ 3.307 and 3.309 include eight diseases that are presumed to be the result of exposure to Camp Lejeune base water, including: adult leukemia, aplastic anemia and other myelodysplastic syndromes, bladder, kidney or liver cancers, multiple myeloma, non-Hodgkin's lymphoma, and Parkinson's disease. 

When all the evidence is assembled, the Board is then responsible for determining whether the evidence supports the claim or is in relative equipoise, with the Veteran prevailing in either event, or whether the preponderance of the evidence is against the claim, in which case the claim is denied. 38 U.S.C.A. § 5107; 38 C.F.R. § 3.102; Gilbert v. Derwinski, 1 Vet. App. 49 (1990). 

In deciding claims, it is the Board's responsibility to evaluate the entire record on appeal. See 38 U.S.C.A. § 7104(a). Although the Board has an obligation to provide reasons and bases supporting this decision, there is no need to discuss each and every piece of evidence submitted by the Veteran or on his behalf. See Gonzales v. West, 218 F.3d 1378, 1380-81 (Fed. Cir. 2000). Rather, the Board's analysis below will focus specifically on what evidence is needed to substantiate the claim and what the evidence in the claims file shows, or fails to show, with respect to the claim. See Timberlake v. Gober, 14 Vet. App. 122, 128-30 (2000).

The Veteran's military personnel records show that he was stationed at Camp Lejeune, North Carolina from August 1964 to January 1966. Private medical records indicate the Veteran was diagnosed with stage II renal cell carcinoma, a form of kidney cancer, in July 2009, and underwent a right radical nephrectomy in August 2009. An October 2016 VA examiner noted the Veteran has a malignant neoplasm, currently in remission, with no related treatment. The examiner also noted, however, that the Veteran currently reports renal dysfunction symptoms. The Veteran continues to be monitored by his private physicians and the nephrology clinic regularly. 

Presumptive service connection for renal cell cancer, to include residuals, is warranted. The Veteran was stationed at Camp Lejeune during the requisite time period, and is therefore presumed to have been exposed to contaminants in the water supply. He also has a current diagnosis of renal cell cancer, a type of kidney cancer. The October 2016 examiner noted residual post-nephrectomy renal dysfunction symptoms. The cancer, therefore, has been active and has manifested to a compensable degree during the pendency of the claim. Service connection shall be granted.


ORDER

Service connection for renal cell cancer, to include residuals, is granted.



____________________________________________
Vito A. Clementi
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs