Citation Nr: 1744017 
Decision Date: 09/27/17 Archive Date: 10/10/17

DOCKET NO. 13-35 540 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Cleveland, Ohio



THE ISSUE

Entitlement to an effective date prior to September 28, 2010, for the award of special monthly pension based on the need for aid and attendance.



REPRESENTATION

Veteran represented by: The American Legion



ATTORNEY FOR THE BOARD

L. B. Yantz, Counsel



INTRODUCTION

The appellant is a Veteran who served on active duty from June 1964 to June 1967.

This matter is before the Board of Veterans' Appeals (Board) on appeal from a November 2010 rating decision of the Milwaukee, Wisconsin Department of Veterans Affairs (VA) Regional Office (RO). The record is now in the jurisdiction of the Cleveland, Ohio RO.


FINDINGS OF FACT

1. On July 25, 2005, the Veteran filed an original claim for entitlement to special monthly pension based on the need for aid and attendance. An October 2006 rating decision denied special monthly pension based on the need for aid and attendance. The Veteran did not appeal this rating decision, and it became final.

2. On September 28, 2010, the Veteran filed a new claim for entitlement to special monthly pension based on the need for aid and attendance. A November 2010 rating decision granted special monthly pension based on the need for aid and attendance, effective September 28, 2010 (the date of the new claim).


CONCLUSION OF LAW

An effective date prior to September 28, 2010 for the award of special monthly pension based on the need for aid and attendance is not warranted. 38 U.S.C.A. §§ 5110, 7105 (West 2014); 38 C.F.R. § 3.400 (2016).






REASONS AND BASES FOR FINDINGS AND CONCLUSION

Veterans Claims Assistance Act of 2000 (VCAA)

The VCAA, in part, describes VA's duties to notify and assist claimants in substantiating a claim for VA benefits. See 38 U.S.C.A. §§ 5100, 5102, 5103, 5103A, 5106, 5107, 5126; 38 C.F.R. §§ 3.102, 3.156(a), 3.159, 3.326(a). The VCAA applies to the instant claim.

Because the November 2010 rating decision on appeal granted special monthly pension based on the need for aid and attendance and assigned an effective date for that award, statutory notice had served its purpose, and its application was no longer required. See Dingess/Hartman, 19 Vet. App. at 473, 484-86, aff'd, 483 F.3d at 1311. The Veteran has had ample opportunity to respond and supplement the record, and he has not alleged prejudice from a notice defect. See Shinseki v. Sanders, 129 S. Ct. 1696 (2009) (discussing the rule of prejudicial error).

The Veteran's pertinent treatment records have been obtained. The Board finds that the record as it stands includes adequate competent evidence to allow the Board to decide the matter of entitlement to an earlier effective date for the award of special monthly pension based on the need for aid and attendance, and that no further development of the evidentiary record in this matter is necessary. See generally 38 C.F.R. § 3.159(c)(4). The Veteran has not identified any pertinent evidence that remains outstanding. VA's duty to assist is met.

Legal Criteria, Factual Background, and Analysis

If a determination by the agency of original jurisdiction is not timely appealed, that determination becomes final. See 38 C.F.R. §§ 3.160(d), 20.302, 20.1103. Previous determinations which are final and binding, including decisions of degree of disability and other issues, will be accepted as correct in the absence of clear and unmistakable error (CUE). 38 C.F.R. § 3.105(a).

For any award based on a new claim or evidence received after a final disallowance, the effective date of that award will be the date of receipt of the new claim or the date entitlement arose, whichever is later. See 38 C.F.R. § 3.400(q)(2).

The Board notes that it has reviewed all of the evidence in the record, with an emphasis on the evidence relevant to this appeal. Although the Board has an obligation to provide reasons and bases supporting its decision, there is no need to discuss, in detail, every piece of evidence of record. Gonzales v. West, 218 F.3d 1378, 1380-81 (Fed. Cir. 2000). Hence, the Board will summarize the relevant evidence as appropriate, and the Board's analysis will focus specifically on what the evidence shows, or fails to show, as to the claim being decided.

On July 25, 2005, the Veteran filed an original claim for entitlement to special monthly pension based on the need for aid and attendance. An October 2006 rating decision denied special monthly pension based on the need for aid and attendance. The Veteran did not appeal this rating decision, and it became final.

On September 28, 2010, the Veteran filed a new claim for entitlement to special monthly pension based on the need for aid and attendance. A November 2010 rating decision granted special monthly pension based on the need for aid and attendance, effective September 28, 2010 (the date of the new claim).

The Veteran states that the effective date for the award of special monthly pension based on the need for aid and attendance should be July 25, 2005 (the date of his original claim for such benefit).

As outlined above, the October 2006 rating decision (which denied the Veteran's original July 25, 2005 claim for special monthly pension based on the need for aid and attendance) became final when the Veteran did not appeal that rating decision within one year of receiving notice of that rating decision. See 38 U.S.C.A. § 7105; see also 38 C.F.R. §§ 3.160(d), 20.302, 20.1103. Furthermore, the Veteran has not made any allegations of CUE with regard to the October 2006 rating decision. See 38 C.F.R. § 3.105(a).

The date of receipt of the instant claim of special monthly pension based on the need for aid and attendance is September 28, 2010. There is no evidence or correspondence in the record that was received prior to September 28, 2010 which could be construed as either a timely notice of disagreement and/or a CUE challenge to the October 2006 rating decision which denied the Veteran's original July 25, 2005 claim for special monthly pension based on the need for aid and attendance. Therefore, September 28, 2010 (the date of the instant claim) is the earliest possible (and appropriate) effective date for the award of special monthly pension based on the need for aid and attendance, in accordance with 38 U.S.C.A. § 5110(a) and 38 C.F.R. § 3.400(q)(2).

[The Board has considered whether 38 C.F.R. § 3.401(a)(1) may provide an earlier effective date for special monthly pension based on the need for aid and attendance, based on a retroactive award of pension. Under 38 C.F.R. § 3.401(a)(1), if there is a retroactive award of pension, then any additional pension payable by reason of the need for aid and attendance would also be payable retroactively. However, the Board finds that this is not the case here. The Veteran's original July 25, 2005 claim for nonservice-connected pension was granted in an August 2006 rating decision, effective July 25, 2005 (the date of claim for such benefits). There has been no retroactive award of pension, and 38 C.F.R. § 3.401(a)(1) does not provide for an earlier effective date of additional pension payable by reason of the need for aid and attendance where pension benefits have already been awarded (and are therefore not retroactive), as is the case here. Therefore, the exception pursuant to 38 C.F.R. § 3.401(a)(1) is not applicable.]

Accordingly, the Board finds that an effective date earlier than September 28, 2010, for the award of special monthly pension based on the need for aid and attendance, is not warranted.

The Board is grateful to the Veteran for his honorable service, and regrets that, by law, it is unable to provide a more favorable outcome. The Board advises the Veteran that he may choose, at any time, to raise the issue of whether there was CUE in the rating decision of October 2006 which denied his original claim for special monthly pension based on the need for aid and attendance.


ORDER

An effective date prior to September 28, 2010, for the award of special monthly pension based on the need for aid and attendance, is denied.





____________________________________________
VICTORIA MOSHIASHWILI
Veterans Law Judge, Board of Veterans' Appeals


Department of Veterans Affairs