﻿Citation Nr: AXXXXXXXX
Decision Date: 03/14/19 Archive Date: 03/14/19

DOCKET NO. 181213-1725
DATE: March 14, 2019

ORDER

Entitlement to an initial rating in excess of 50 percent for anxiety disorder, not otherwise specified (claimed as posttraumatic stress disorder) (PTSD), is denied.

FINDING OF FACT

The Veteran’s service-connected anxiety disorder has not been manifested by occupational and social impairment with deficiencies such as work, family relations, judgement, or mood due to symptoms such as suicidal ideation, obsessional rituals, speech intermittently illogical, or near-continuous panic or depression affecting the ability to function independently. 

CONCLUSION OF LAW

The criteria for entitlement to an initial rating in excess of 50 percent for anxiety disorder, have not been met. 38 U.S.C. §§ 1155, 5107 (2012); 38 C.F.R. §§ 3.102, 4.1-4.10, 4.130.

REASONS AND BASES FOR FINDING AND CONCLUSION

On August 23, 2017, the President signed into law the Veterans Appeals

Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as

amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as

the Appeals Modernization Act (AMA). This law creates a new framework for

Veterans dissatisfied with VA’s decision on their claim to seek review. The Board

is honoring the Veteran’s choice to participate in VA’s test program, RAMP, the

Rapid Appeals Modernization Program.

The Veteran served on active duty from August 2000 to January 2005. The Veteran selected the Higher-Level Review lane when he submitted the RAMP election form. Accordingly, the October 2018 RAMP rating decision considered the evidence of record as of the date VA received the RAMP election form. The Veteran timely appealed this RAMP rating decision to the Board and requested direct review of the evidence considered by the Agency of Original Jurisdiction (AOJ).

Entitlement to an initial rating in excess of 50 percent for anxiety disorder, not otherwise specified (claimed as PTSD) from August 22, 2006 to October 12, 2018. 

The Veteran contends that his service-connected anxiety disorder is more severe than contemplated by the currently assigned 50 percent rating. See Veteran’s April 2016 notice of disagreement (NOD). 

The Board has reviewed the evidence in the Veteran’s claims file, with an emphasis on the evidence relevant to this appeal. Although the Board has an obligation to provide reasons and bases supporting its decision, there is no need to discuss, in detail, every item of evidence of record. Gonzales v. West, 218 F.3d 1378, 1380-81 (Fed. Cir. 2000) (holding that VA must review the entire record but does not have to discuss each piece of evidence). The Board will summarize the relevant evidence as appropriate and focus specifically on what the evidence shows or fails to show as to the claims.

The Veteran’s service-connected anxiety disorder is evaluated under 38 C.F.R. § 4.130, Diagnostic Code 9400. Under the General Rating Formula For Mental Disorders, to include anxiety, a 50 percent evaluation is warranted when there is occupational and social impairment with reduced reliability and productivity due to such symptoms as: flattened affect; circumstantial, circumlocutory, or stereotyped speech; panic attacks more than once a week; difficulty in understanding complex commands; impairment of short-and long-term memory (e.g., retention of only highly learned material, forgetting to complete tasks); impaired judgment; impaired abstract thinking; disturbances of motivation and mood; and difficulty in establishing and maintaining effective work and social relationships. 

A 70 percent evaluation is warranted where there is occupational and social impairment with deficiencies in most areas, such as work, school, family relations, judgment, thinking, or mood, due to such symptoms as suicidal ideation; obsessional rituals which interfere with routine activities; intermittently illogical, obscure, or irrelevant speech; near-continuous panic or depression affecting the ability to function independently, appropriately and effectively; impaired impulse control (such as unprovoked irritability with periods of violence); spatial disorientation; neglect of personal appearance and hygiene; difficulty in adapting to stressful circumstances (including work or a work-like setting); and inability to establish and maintain effective relationships. 

A 100 percent evaluation is assignable where there is total occupational and social impairment, due to such symptoms as gross impairment in thought processes or communication; persistent delusions or hallucinations; grossly inappropriate behavior; persistent danger of hurting self or others; intermittent inability to perform activities of daily living (including maintenance of minimal personal hygiene); and disorientation to time or place; memory loss for names of close relatives, own occupation, or own name. Id.

Consideration is given to the frequency, severity, and duration of psychiatric symptoms, the length of remission, and the Veteran’s capacity for adjustment during periods of remission. An evaluation shall be assigned based on all the evidence of record that bears on occupational and social impairment, rather than solely on the examiner’s assessment of the level of disability at the moment of the examination. See 38 C.F.R. § 4.126. Furthermore, when evaluating the level of disability arising from a mental disorder, the rating agency will consider the extent of social impairment but shall not assign an evaluation solely on the basis of social impairment. Id. It is necessary to evaluate a disability from the point of view of the Veteran working or seeking work. 38 C.F.R. § 4.2.

The symptoms associated with the psychiatric rating criteria are not intended to constitute exhaustive lists, but rather serve as examples of the type and degree of the symptoms, or their effects, that would justify a particular rating. Mauerhan v. Principi, 16 Vet. App. 436, 443 (2002). Thus, the Board will consider whether “the evidence demonstrates that a claimant suffers symptoms or effects that cause occupational or social impairment equivalent to what would be caused by the symptoms listed in the diagnostic code,” and, if so, the “equivalent rating will be assigned.” Id. The Federal Circuit held previously that a Veteran may only qualify for a given disability rating “by demonstrating the particular symptoms associated with that percentage, or others of similar severity, frequency, and duration.” Vazquez-Claudio v. Shinseki, 713 F.3d 112, 117 (Fed. Cir. 2013) (“Reading [38 C.F.R. §§ 4.126 and 4.130] together, it is evident that the ‘frequency, severity, and duration’ of a Veteran’s symptoms must play an important role in determining his disability level.”).

The Board notes that a June 2016 rating decision issued by the RO found that the effective date of the Veteran’s PTSD claim was August 22, 2006. Therefore, the rating period on appeal is from August 22, 2006 to October 12, 2008. 38 C.F.R. § 3.400 

Turning to the relevant evidence of record, the Veteran’s May 2006 VA treatment records demonstrate that the Veteran had a positive PTSD screening during a routine medical examination. See May 2006 VA treatment records. Similarly, a June 2007 counseling record narrative report demonstrates that the Veteran was being seen weekly at Frank Tejeda clinic for PTSD. The Veteran stated that he over reacted to stimuli but does not know why. 

The Veteran underwent a VA examination in January 2011. During that examination, the Veteran was diagnosed with anxiety disorder. The examiner opined that the Veteran is mentally capable of performing activities of daily living and is able to establish and maintain effective work and social relationships. The Veteran demonstrated symptoms of mild memory loss and anxiety. The Veteran denied experiencing hallucinations, suicidal or homicidal ideation, paranoia, and did not express delusions.

In August 2016, the Veteran underwent a VA examination. The examiner reviewed the Veteran’s claim file and conducted an in-person examination. The examiner confirmed the Veteran’s prior diagnosis of generalized anxiety disorder. The examiner opined that the Veteran’s level of occupational and social impairment in regard to his service-connected anxiety disorder included an occasional decrease in work efficiency and intermittent periods of inability to perform occupational tasks, although generally functioning satisfactorily, with normal routine behavior, self-care, and conversation. See August 2016 C&P Exam. The Veteran informed the examiner that he lives with his wife and two minor children. The Veteran generally has a good relationship with his family and asserted that it improved with his prescribed antidepressant medication. The Veteran continued to experience symptoms such as anxiety, chronic sleep impairment, mild memory loss, and disturbances of motivation and mood as a result of his service-connected anxiety disorder. 

In December 2016, the RO sent correspondence to the Veteran that congratulated him on his completion of a vocational rehabilitation program. See December 2016 VA Regional Office Letter. Additionally, a June 2017 Rehabilitation Closure Statement was submitted in the record which demonstrates the Veteran’s permanent, full-time employment as an expert bomb/ordinance disposal expert.

January 2018 VA treatment records from the North Little Rock VA Medical Center showcase the Veteran’s report to a clinician that he is working in New Mexico and enjoys his job. The Veteran asserted that he has changed his lifestyle and had improved his diet. During this exam a depression screening was administered, and the Veteran was assigned a score of zero. 

After considering the evidence of record, the Board finds that the Veteran’s service-connected anxiety disorder is productive of functional impairment more comparable to occupational and social impairment with reduced reliability and productivity, and do not rise to the level of severity contemplated by the next higher, 70 percent, rating during the period on appeal.

The Veteran’s VA medical records do not suggest functional impairment or symptomatology that would warrant a higher rating. The Veteran’s mental health treatment records reveal that the Veteran had a good mood, congruent affect, normal speech, a logical and coherent thought process, and orientation to time and place. The Veteran denied experiencing suicidal or homicidal ideation, hallucinations, obsessions, or compulsions. See January 2011 VA examination. The August 2016 VA examination report indicated symptoms of depressed mood, anxiety, chronic sleep impairment and disturbances of motivation and mood. Such symptoms are contemplated by the current 50 percent rating and do not most nearly approximate the criteria for a 70 percent rating. 

A review of the record demonstrates that the Veteran had normal speech, adequate grooming, appropriate affect without excessive emotion, relevant thought content, no overt indicators of aggression or impulsivity, eye contact within normal limits, and orientation to place and time. The Veteran denied experiencing obsessional rituals, suicidal or homicidal ideation, or current hallucinations.

The preponderance of the evidence is also against entitlement to a 100 percent disability rating. The evidence of record does not demonstrate total occupational and social impairment due to his service-connected anxiety and depressive disorders and alcohol abuse. The Veteran’s disability did not manifest in symptoms productive of functional impairment comparable to such level of impairment. He was able to work, despite manifestations of the disability at issue. As the record does not reflect total occupational and social impairment, a 100 percent disability rating is not warranted. 38 C.F.R. § 4.130 

The Board finds that the criteria for a higher initial rating for the Veteran’s service-connected anxiety disorder has not been met or most nearly approximates at any time during the appeal period. The preponderance of the evidence is against the claim, the benefit of the doubt does not apply, and the claim is denied. See 38 U.S.C. § 5107 (b); Gilbert v. Derwinski, 1 Vet. App. 49, 58 (1990).

 

C. TRUEBA

Veterans Law Judge

Board of Veterans’ Appeals

ATTORNEY FOR THE BOARD R. Smith, Associate Counsel