Citation Nr: AXXXXXXXX
Decision Date: 07/14/21 Archive Date: 07/14/21

DOCKET NO. 190927-34822
DATE: July 14, 2021

ORDER

The claim of entitlement to service connection for gastroesophageal reflux disease (GERD) is denied.

FINDING OF FACT

The Veteran's GERD did not manifest during active service, within one year of her separation from active service, and is not otherwise related to her active duty service.

CONCLUSION OF LAW

The criteria to establish the claim of entitlement to service connection for GERD have not been met. 38 U.S.C. §§ 1110, 5107 (2012); 38 C.F.R. §§ 3.102, 3.303 (2019).

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran had honorable active duty service with the United States Air Force from December 2001 to April 2004.

This matter is before the Board of Veteran's Appeals (Board) from a July 2019 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) that denied service connection for GERD.

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for Veterans dissatisfied with VA's decision on their claim to seek review.

The Board notes that the rating decision on appeal was issued in January 2019. As indicated above, the Veteran elected the modernized review system. 84 Fed. Reg. 138, 177 (Jan. 18, 2019) (to be codified at 38 C.F.R. § 19.2(d)). On the Decision Review Request Board Appeal Notice of Disagreement (NOD), VA Form 10182, VA received in September 2019, the Veteran requested the hearing docket. Therefore, the Board may only consider the evidence of record at the time of the agency of original jurisdiction (AOJ) decision on appeal, as well as any evidence submitted by the Veteran or her representative at the hearing or within 90 days following the hearing. 38 C.F.R. § 20.302(a). This decision has been written consistent with the new AMA framework.

Evidence was added to the claims file during a period of time when new evidence was not allowed. As the Board is deciding the claims of service connection for GERD, it may not consider this evidence in its decision. 38 C.F.R. § 20.300. The Veteran may file a Supplemental Claim and submit or identify this evidence. 38 C.F.R. § 3.2501. If the evidence is new and relevant, VA will issue another decision on the claim, considering the new evidence in addition to the evidence previously considered. Id. Specific instructions for filing a Supplemental Claim are included with this decision.

The Veteran testified at a video hearing before the undersigned Veterans Law Judge at the RO in Roanoke, Virginia, in January 2021. A written transcript of that hearing has been prepared and associated with the evidence of record.

The Board notes that the Veteran has additional issues on appeal that are to be addressed through different appeal streams under the AMA and through the Legacy system. The Veteran received a Statement of the Case (SOC) in April 2020 on the issues of service connection for an acquired psychiatric condition, non-epileptic seizures, infertility, and a claim for increased rating for migraines. In April 2020 the Veteran's migraines were increased from 0 percent to 50 percent. The Veteran submitted a Substantive Appeal VA Form 9 in June 2020 for the issues of an acquired psychiatric disorder, non-epileptic seizures, and infertility. In a July 2020 rating decision, the Veteran was granted service connection for her acquired psychiatric disorder at 70 percent and for non-epileptic seizures at 20 percent. The Veteran in January 2021 submitted an AMA NOD asking for an increased rating for her non-epileptic seizures and submitted an AMA NOD in February 2021 asking for entitlement to a total disability rating for individual unemployability (TDIU). The hearing before the Board in January 2021 contained testimony for the issues of service connection for GERD, which is addressed herein, and testimony for the claims of increased ratings for an acquired psychiatric disorder, non-epileptic seizures, and entitlement to a TDIU. These additional issues are not currently before the Board and will not be addressed herein.

The Board recognizes that entitlement to a TDIU is on appeal and defers the issue to the RO. However, the Board does see evidence of an inability of the Veteran to drive, to function in most areas of social and occupational capabilities due to her service connected disabilities, and turns over the issue of an award of a TDIU to the Agency of Original Jurisdiction (AOJ).

Entitlement to service connection for GERD

The Veteran contends that she is entitled to service connection for GERD.

Generally, to establish service connection there must be competent evidence showing: (1) a current disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the present disability and the in-service injury incurred or aggravated during service. 38 U.S.C. § 1110; 38 C.F.R. § 3.303.

VA must consider all favorable lay evidence of record. 38 U.S.C. § 5107. Lay testimony is competent to establish the presence of observable symptomatology, where the determination is not medical in nature and is capable of lay observation. Barr v. Nicholson, 21. Vet. App. 303 (2007).

The Secretary shall consider all information and lay and medical evidence of record in a case and make appropriate determinations as to competence, credibility, and weight. 38 U.S.C. § 5107; 38 C.F.R. § 3.303; Washington v. Nicholson, 19 Vet. App. 362, 368 (2005). Competent lay evidence means any evidence not requiring that the proponent have specialized education, training, or experience, if it is provided by a person who has knowledge of facts or circumstances and conveys matters that can be observed and described by a lay person. 38 C.F.R. § 3.159.

Although the Board has an obligation to provide reasons and bases supporting this decision, there is no need to discuss, in detail, the extensive evidence of record. Indeed, the Federal Circuit has held that the Board must review the entire record but does not have to discuss each piece of evidence. Gonzales v. West, 218 F.3d 1378, 1380-81 (Fed. Cir. 2000). Therefore, the Board will summarize the relevant evidence where appropriate, and the Board's analysis below will focus specifically on what the evidence shows, or fails to show, as to the claim on appeal.

When there is an approximate balance between positive and negative evidence, equipoise, the benefit of the doubt doctrine must apply in favor of the Veteran. But when the preponderance of the evidence weighs against the claims of the Veteran the claim will be denied on its merits, and when the preponderance of the evidence weighs for the claims of the Veteran the claim will be granted on its merits. In those cases, the benefit of the doubt doctrine is inapplicable. 38 U.S.C. § 5107; Gilbert v. Derwinski, 1 Vet. App. 49 (1990).

The rating decision of July 2019 indicated favorable findings of a current GERD diagnosis and evidence of an in-service qualifying event of reflux on June 25, 2003. The Board will not alter these findings. As such the Veteran has met the first and second elements of service connection.

The remaining question before the Board is whether there is a causal connection between the Veteran's in-service GERD and her current GERD diagnosis. The Board finds that the preponderance of the evidence is against finding a connection between the Veteran's in-service treatment and her current diagnosis.

The Veteran received a VA examination for esophageal conditions in May 2019 that noted her diagnoses of GERD, a hiatal hernia, and internal hemorrhoid. The examiner noted the Veteran's diagnosis and treatment of GERD in 2003 with current symptoms described as reflux, heartburn, pain, burning from sub sternum to the back of her throat, and sleep disturbances. The Veteran indicated she took over the counter medications daily and the examiner noted symptoms of pyrosis and reflux. The examiner documented the Veteran's substernal pain and sleep disturbances occurring 4 or more times per year lasting less than 1 day. The Veteran was also noted as losing 0 to 1 week of time at work in the last 12 months, indicating she had difficulty focusing at school due to GERD and hernia pain. The examiner also noted the Veteran brought an EGD colonoscopy to the examination from May 2019 showing a "small hiatal hernia and non-bleeding internal hemorrhoids." The Board notes that the May 2019 colonoscopy was not in the Veteran's claims file. The examiner found that the Veteran's GERD was not likely incurred in or caused by the Veteran's in-service event as the examiner found that although the Veteran was treated for reflux in service that there was no evidence of chronicity of care, and that a nexus was not established.

The Board finds that the VA examination is competent, credible, and with significant probative weight.

After thorough review of the Veteran's VA and private treatment the Board finds that her medical records are silent for any treatment, complaints, diagnosis, or medications for GERD or reflux. The Board finds that the Veteran's medical records are competent, credible, and with significant probative weight.

The Veteran testified at the January 2021 hearing that she was taking over the counter medication in service for her GERD symptoms and continued to have issues with GERD since then. The Veteran also testified that her treatment for GERD was primarily in private treatment.

The Board finds that the Veteran's testimony is contradictory to the Veteran's medical evidence of record. The Veteran has provided no medical evidence to support her testimony. Therefore, the Board finds that the Veteran's testimony has limited probative weight.

The Veteran believes her GERD was incurred in service, but she is not competent to provide a nexus opinion regarding this issue. The issue is medically complex, as it requires knowledge of the interaction between multiple organ systems in the body and interpretation of complicated diagnostic medical testing. Therefore, it is outside the competence of the Veteran in this case because the record does not show that she has the medical training or credentials to make such a determination. Jandreau v. Nicholson, 492 F.3d 1372, 1377 n.4 (Fed. Cir. 2007); see also Kahana v. Shinseki, 24. Vet. App. 428 (2011). Consequently, the Board gives more probative weight to the competent, probative medical evidence of record denying an etiological relationship.

While the conclusions of a physician are medical conclusions that the Board cannot ignore or disregard, see Willis v. Derwinski, 1 Vet. App. 66 (1991), the Board is free to assess medical evidence and is not compelled to accept a physician's opinion. See Wilson v. Derwinski, 2 Vet. App. 614 (1992). However, in the present case, there is no competent nor credible evidence otherwise of continuous symptoms of GERD since service; therefore, the Board finds that it is less likely that the Veteran's GERD manifested during, or as a result of, active military service. The Board notes that under 38 C.F.R. § 3.303(b), service connection may be demonstrated on a presumptive basis if the disability claimed qualifies as a chronic disease listed in 38 C.F.R. § 3.309(a). However, the Veteran's GERD is not a qualifying chronic disease. See Walker v. Shinseki, 708 F.3d 1331 (Fed. Cir. 2013). As a result, 3.303(b) is not for application and the preponderance of the evidence is not in favor of the claim.

In this case the preponderance of the evidence is against the claims of the Veteran, therefore the benefit of the doubt doctrine is inapplicable. 38 U.S.C. § 5107; Gilbert v. Derwinski, 1 Vet. App. 49 (1990).

Therefore, the Veteran's claim for service connection for GERD is denied.

 

 

B. MULLINS

Veterans Law Judge

Board of Veterans' Appeals

Attorney for the Board C.A. Teich, Associate Counsel

The Board's decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.