Citation Nr: 1744024 
Decision Date: 09/27/17 Archive Date: 10/10/17

DOCKET NO. 11-20 360 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Winston-Salem, North Carolina


THE ISSUE

Entitlement to service connection for an acquired psychiatric disorder, to include posttraumatic stress disorder (PTSD) and depressive disorder.


WITNESSES AT HEARING ON APPEAL

Appellant and W. M.


INTRODUCTION

The Veteran served on active duty from August 1967 to August 1969. The Veteran died in October 2013, and the appellant is his surviving spouse.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a February 2010 rating decision by the Department of Veterans Affairs (VA) Regional Office (RO) in Winston Salem, North Carolina.

The Board notes that the claim originally was listed solely as one for entitlement to service connection for PTSD, as the RO interpreted the Veteran's July 2011 substantive appeal to have limited his appeal to that issue. However, the July 2011 VA Form 9 specifically indicated therein that the Veteran believed, "My disability with dementia is intertwined with PTSD." As such, the issue has been listed as above. See also Clemons v. Shinseki, 23 Vet. App. 1 (2009).

In May 2014, the appellant notified VA that she wanted to be substituted for the Veteran as the appellant in the pending claim for entitlement to service connection. In a July 2015 letter, the RO notified the appellant that she met the requirements for substitution and that she was recognized as the substitute claimant in this case.

In July 2015, the appellant testified before a Veterans Law Judge (VLJ) who is no longer employed by the Board, and a transcript of the hearing has been associated with the record. The appellant was subsequently notified that the VLJ who had conducted the hearing was no longer employed by the Board, and she was offered the opportunity to testify at another hearing. See 38 C.F.R. §§ 20.707, 20.717 (2016). In May 2017, the appellant testified before the undersigned VLJ via videoconference, and a transcript of the hearing has been associated with the record.

The Board remanded this claim for additional development in October 2013, and again in November 2015. The case has now been returned to the Board.


FINDINGS OF FACT

1. The Veteran has PTSD due to verified in-service stressors. 

2. The Veteran's PTSD and depressive disorder are etiologically related to service.


CONCLUSION OF LAW

An acquired psychiatric disorder, diagnosed as PTSD and depressive disorder, was incurred as a result of active duty service. 38 U.S.C.A. § 1110 (West 2014); 38 C.F.R. §§ 3.303, 3.304(f) (2016).


REASONS AND BASES FOR FINDINGS AND CONCLUSION

To prevail on a direct service connection claim, there must be competent evidence of (1) a current disability, (2) in-service incurrence or aggravation of a disease or injury, and (3) a nexus between the in-service disease or injury and the current disability. Holton v. Shinseki, 557 F.3d 1362, 1366 (Fed. Cir. 2009); 38 U.S.C.A. §§ 1110, 1131; 38 C.F.R. § 3.303(a).

The Board must assess the credibility and weight of all relevant evidence, including both the medical and lay evidence, to determine its probative value; accounting for evidence that it finds to be persuasive or unpersuasive, and providing reasons for rejecting any evidence favorable to the Veteran. Caluza v. Brown, 7 Vet. App. 498, 506 (1995). A Veteran is entitled to the benefit of the doubt when there is an approximate balance of positive and negative evidence. See 38 U.S.C.A. § 5107; 38 C.F.R. § 3.102. When the evidence is in relative equipoise, the Veteran prevails. See Gilbert v. Derwinski, 1 Vet. App. 49 (1990). The preponderance of the evidence must weigh against a claim for benefits to be denied. See Alemany v. Brown, 9 Vet. App. 518 (1996).

In deciding the claim of entitlement to service connection for PTSD and depressive disorder, the Board has reviewed all of the evidence in the record, and has fulfilled its obligation to provide an adequate statement of reasons or bases supporting this decision. See 38 U.S.C.A. § 7104(d)(1); Gonzales v. West, 218 F.3d 1378, 1380-81 (Fed. Cir. 2000). While the Board must review the entire record, it need not discuss each and every piece of evidence, certainly not in exhaustive detail. See id. The analysis below therefore focuses only on the most salient and relevant evidence and on what this evidence shows, or fails to show, on the claim. See Timberlake v. Gober, 14 Vet. App. 122 (2000).

The appellant contends that the stress of the Veteran's brother being killed during active duty service caused his PTSD, which manifested as dementia. The question for the Board is whether the Veteran's asserted current PTSD is etiologically related to an in-service stressor. The Board finds that the competent, credible, and probative evidence establishes that the Veteran's PTSD is etiologically related to his active duty service.

Service connection for PTSD requires (1) medical evidence diagnosing the condition in accordance with 38 C.F.R. § 4.125 (a) (Diagnostic and Statistical Manual of Mental Disorders, (5th ed.) (2016) (DSM V)); (2) a link, established by medical evidence, between current symptoms and an in-service stressor; and (3) credible supporting evidence that the claimed in-service stressor occurred. 38 C.F.R. § 3.304(f).

On the issue of supporting evidence for the Veteran's reported stressor, the Board observes that the Veteran's older brother was killed in action in Vietnam in November 1968. As such, the Board finds that the evidence establishes the death of the Veteran's older brother as a credible in-service stressor. 

The Veteran was diagnosed with PTSD and depressive disorder by Dr. Carl Carter in a September 2016 medical opinion. Dr. Carter stated that the Veteran should have previously been diagnosed with PTSD given his reported symptoms of occupational and social impairments, with deficiencies in areas such as work, family relations, judgment, and the ability to function independently, appropriately, and effectively; as well as difficulty adapting to stressful situations, and an inability to establish and maintain effective relationships. Dr. Carter opined that the Veteran met the full diagnostic criteria for PTSD and depressive disorder. As such, the Board finds that the Veteran was properly diagnosed with PTSD.

Dr. Carter further stated that it is at least as likely as not that the Veteran's PTSD and depressive disorder is related to his reported in-service stressors, including the death of his brother. Dr. Carter also cited medical literature linking PTSD in veterans to dementia later in life, addressing the Veteran's symptoms and diagnoses at the time of his death.

In a September 2009 medical opinion, Dr. Dennis Hill stated that he had considered a diagnosis of PTSD for the Veteran but had not had the opportunity to refer him for proper medical evaluation thereof. Dr. Hill corroborated Dr. Carter's opinion that the medical literature supports PTSD intertwined with dementia, and that the Veteran should be evaluated for such a disorder.

In an August 2016 VA examination note, an examiner reviewed the Veteran's file and stated that the death of the Veteran's brother appeared credible as a stressor for PTSD, and that medical literature supported the possibility of a connection between an in-service stressor and the cognitive symptoms that lead to a diagnosis of dementia, like in the Veteran's situation. However, the examiner stated that the Veteran did not have any diagnosis of PTSD or any other mental health issue made by a qualified professional relating to military service associated with his file, and that therefore the examiner could not relate the Veteran's dementia to any military related mental health diagnosis such as PTSD given that such a diagnosis has not been established.

The Board places a great deal of probative weight on the opinions of Dr. Carter and Dr. Hill, because they are competent evidence regarding the existence and etiology of the Veteran's PTSD; the opinions are well-reasoned, and both doctors considered the Veteran's entire history and lay statements when rendering the favorable opinions. See Nieves- Rodriguez v. Peake, 22 Vet. App. 295 (2008). The Board cannot place as much probative weight on the August 2016 VA opinion. Although it is medically competent and well-reasoned, the VA examiner failed to address Dr. Carter's diagnosis, and the rationale did not speak to whether the Veteran's PTSD (if such a diagnosis was made) is etiologically related to his service.

The Board notes that the Veteran was screened for PTSD by providers at the Salisbury VAMC in May 2008 and tested negative at the time. However, the screening consisted solely of four specific questions, provided no detailed rationale, and did not address the Veteran's reported symptoms.

During testimony before the Board in July 2015 and May 2017, the appellant testified that the Veteran suffered psychologically since the death of his brother during service, including his jumpiness, edginess, startle response, depression, difficulty establishing relationships and maintaining the context of discussion, nightmares and difficulty sleeping, obsession over locking the house, difficulty driving, and flashbacks. The Board finds that the appellant's lay testimony further supports the link between the Veteran's symptoms and his in-service stressor.

In short the competent, credible evidence weighs in favor of entitlement to direct service connection for the Veteran's PTSD and depressive disorder. Therefore, the Board finds that service connection must be granted.

VA has substantially satisfied the duties to notify and assist the appellant in substantiating the Veteran's claim in accordance with 38 U.S.C.A. §§ 5100, 5102, 5103, 5103A, 5107, 5126; 38 C.F.R. §§ 3.102, 3.156(a), 3.159 and 3.326(a). To the extent that there may be any deficiency of notice or assistance, there is no prejudice to the appellant in proceeding with this appeal given the favorable nature of the Board's decision to grant the claim.


ORDER

Entitlement to service connection for PTSD and depressive disorder is granted.



____________________________________________
M.H. HAWLEY
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs