Citation Nr: 1749163 
Decision Date: 10/31/17 Archive Date: 11/06/17

DOCKET NO. 12-31 989 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Winston-Salem, North Carolina


THE ISSUE

Entitlement to a total disability rating based on individual unemployability, to include on an extraschedular basis, prior to September 1, 2009.


REPRESENTATION

Appellant represented by: Lisa A. Lee, Attorney


ATTORNEY FOR THE BOARD

Joseph Montanye, Associate Counsel 


INTRODUCTION

The Veteran served on active duty from February 1980 to March 1982.

This case comes before the Board of Veterans' Appeals (Board) on appeal from a May 2010 rating decision issued by the Department of Veterans Affairs (VA) Regional Office (RO) in Winston-Salem, North Carolina.

The record before the Board consists of the Veteran's electronic records located within the Veterans Benefits Management System (VBMS) and Virtual VA.

This case was remanded in February 2015 and September 2016 for further development and adjudicative action.

In an undated decision issued in April 2017, the Director of Compensation Service denied entitlement to a total disability rating based on individual unemployability, on an extraschedular basis, during the period from April 16, 2003, to June 12, 2006


FINDINGS OF FACT

1. In an undated decision issued in April 2017, the Director of Compensation Service denied entitlement to a total disability rating based on individual unemployability, on an extraschedular basis, during the period from April 16, 2003, to June 12, 2006. 

2. Veteran requested that VA assign an effective date of April 16, 2003, for his total disability rating based on individual unemployability rating.

3. The record evidence is in relative equipoise as to whether the Veteran is unable, during the period in question, to secure and follow a substantially gainful occupation as a result of his service-connected disabilities.


CONCLUSION OF LAW

Resolving reasonable doubt in the Veteran's favor, the criteria for an effective date of April 16, 2003, but no earlier, for an award of total disability rating based on individual unemployability rating, an on an extraschedular basis, have been met. 38 U.S.C.A. §§ 1155, 5107 (West 2014); 38 C.F.R. §§ 3.102, 3.321, 3.340, 3.341, 4.16 (2016).


REASONS AND BASES FOR FINDINGS AND CONCLUSION

VCAA

With respect to the Veteran's claim herein, VA has met all statutory and regulatory notice and duty to assist provisions. See 38 U.S.C.A. §§ 5100, 5102, 5103, 5103A, 5106, 5107, 5126 (West 2014); 38 C.F.R. §§ 3.102, 3.156(a), 3.159, 3.326 (2015); see also Scott v. McDonald, 789 F.3d 1375 (Fed. Cir. 2015).

Law and regulations

Generally, the effective date of an award of compensation benefits based on an original claim will be the date of receipt of the claim, or the date entitlement arose, whichever is later. See 38 C.F.R. § 3.400 (2015).

VA will grant entitlement to total disability rating based on individual unemployability when the evidence shows that the Veteran is precluded, by reason of his service-connected disabilities, from securing and following "substantially gainful employment" consistent with his education and occupational experience. See 38 C.F.R. § § 3.340, 3.341, 4.16; VAOPGCPREC 75-91; 57 Fed. Reg. 2317 (1992). The central inquiry is, "whether the Veteran's service-connected disabilities alone are of sufficient severity to produce unemployability." Hatlestad v. Brown, 5 Vet. App. 524, 529 (1993). 

The regulations provide that if there is only one such disability, it must be rated at 60 percent or more; and if there are two or more disabilities, at least one disability must be rated at 40 percent or more, and sufficient additional disability must bring the combined rating to 70 percent or more. Disabilities resulting from common etiology or a single accident or disabilities affecting a single body system will be considered as one disability for the above purposes of one 60 percent disability or one 40 percent disability. 38 C.F.R. § 4.16 (a). Where the percentage requirements for schedular total disability rating based on individual unemployability are not met, total disability rating based on individual unemployability may nevertheless be assigned on an extraschedular basis when a veteran is unable to secure or follow a substantially gainful occupation as a result of his or her service-connected disability or disabilities. 38 C.F.R. § 4.16(b). In cases such as this, the Board is precluded from assigning extraschedular total disability rating based on individual unemployability in the first instance. 38 C.F.R. 4.16(b); Bowling v. Principi, 15 Vet. App. 1, 10 (2001).

The Board has reviewed all of the evidence in the record. Although the Board has an obligation to provide adequate reasons and bases supporting this decision, there is no requirement that the evidence submitted by the Veteran or obtained on his behalf be discussed in detail. Rather, the Board's analysis below will focus specifically on what evidence is needed to substantiate the claim and what the evidence in the claims folder shows, or fails to show, with respect to the claim. See Gonzales v. West, 218 F.3d 1378, 1380-81 (Fed. Cir. 2000) and Timberlake v. Gober, 14 Vet. App. 122, 128-30 (2000).

When there is an approximate balance of positive and negative evidence regarding any issue material to the determination of a matter, VA shall give the benefit of the doubt to the claimant. 38 U.S.C.A. § 5107; see also Gilbert v. Derwinski, 1 Vet. App. 49, 53 (1990). 

Analysis 

The Veteran's service-connected disabilities during the term from April 16, 2003 to June 12, 2006 were lumbar degenerative joint disease, post operative residuals of a left knee meniscus tear with lateral instability, left knee degenerative arthritis, and a right knee patellofemoral syndrome with degenerative joint disease. As noted above and in the prior remand, the Veteran's attorney has limited the issue on appeal to the appellant's rating from April 15, 2003 to June 13, 2006 (the effective date of his temporary 100 percent rating for his total knee replacement.)

The Veteran claims he was unable to secure or follow a substantially gainful occupation consistent with his educational and occupational experience due to his service-connected disabilities. In a May 2016 statement in support of his claim, the Veteran requested that VA assign an effective date of April 16, 2003, for his total disability rating based on individual unemployability rating.

The claim of entitlement to total disability rating based on individual unemployability was last remanded by the Board in February 2015 and in an April 2016 rating decision, the RO granted entitlement to total disability rating based on individual unemployability, effective May 11, 2015. In an April 2017 rating decision entitlement to an effective date for the grant of individual unemployability of September 1, 2009 was granted.

The evidence indicates that the Veteran was employed with a construction company as a plasterer from 1983 to 2001. He reported that he stopped working due to his bilateral knee and low back disabilities. Records from Social Security Administration show that the Veteran has experienced occupational impairment due to his service connected physical disabilities as well as his non-service-connected bipolar disorder. He has a reported education level of 11th grade.

A VA Medical Center Durham report dated July 15, 2003 indicates that the Veteran would not be able to resume his work as a plasterer due to osteoarthritis of his knees. VA Medical Center records show the Veteran has non-service connected disabilities including chronic kidney disease, congestive heart failure, bipolar disorder, gout, hypertension and depression. 

An August 19, 2011 VA examination report indicates that the Veteran stopped working due to both service connected bilateral knee conditions and non-service connected shoulder and lymph node problems.

VA Medical Center records indicate that the Veteran is unable to work due to his orthopedic disabilities to include bilateral knees and low back disability.

A report from Dynamic Vocational Consulting dated August 3, 2010 concluded that the Veteran was unable to return to his past relevant work history and additionally he was limited as he did not hold skills that would transfer to direct placement in a sedentary type of occupation. The findings indicated that the Veteran's service connected bilateral knee and low back disorders rendered him unable to sustain or maintain employment.

An April 2016 vocational report from Momentum Healthcare provided detailed review of the Veteran's file and a personal interview with the appellant. The vocational counselor detailed the Veteran's work history, along with this medical history and an overview of his claim with VA. Following his extensive review of the evidence of record, the certified rehabilitation counselor opined that it the Veteran was entitled to a total disability rating based on individual unemployability as of 2003 and that his opinion took into account only the Veteran's service connected disabilities. The examiner concluded with his opinion that "based on my 49 years of work experience as a vocational rehabilitation counselor, it is my opinion that this gentleman is unable to perform in competitive employment. His educational limitations, medium to heavy duty work history and expressed physical functional limitations combined to prevent him from functioning as a productive working in the labor market".

After reviewing the evidence of record the Board finds that the evidence is at least in relative equipoise as to whether the Veteran's service-connected disabilities rendered him unable to secure and follow a substantially gainful occupation from April 16, 2003, the date of the Veteran's claim for entitlement to a total disability rating based on individual unemployability. 38 C.F.R. § 4.16 (b).

In doing so, the Board acknowledges the opinions of the Director of Compensation Service that total disability rating based on individual unemployability was not warranted on an extra-schedular basis prior to September 1, 2009. The Board finds that the opinion of the Director, Compensation Service was not particularly probative as there was limited supporting rationale for the April 16, 2003 to June 12, 2006 portion opinion and it lacked detailed discussion of relevant evidence. Nieves-Rodriguez v. Peake, 22 Vet. App. 295, 304 (2008) ("It is the factually accurate, fully articulated, sound reasoning for the conclusion . . . that contributes probative value to a medical opinion."). Specifically, the Director's opinion discounted private assessments without persuasive reasoning. The Board reviewed the vocational assessments and they referred to the Veteran's relevant education and work history. The Board assigns great probative value to the private vocational assessments as they thoroughly discussed relevant evidence of record and provided sound reasoning for the opinions that he was unable to work due to his service-connected disabilities since 2003. Id. 

Due to the persuasive private vocational expert opinions, the medical evidence demonstrating the symptoms and manifestations of the service-connected disabilities, the Veteran's eleventh grade education, his limited skill set for sedentary employment, and history of manual labor jobs, the Board finds that despite not having met the schedular criteria of 38 C.F.R. § 4.16 (a), the evidence is at least in relative equipoise as to whether the service-connected disabilities alone precluded the Veteran from securing and following substantially gainful occupation on an extraschedular basis effective April 16, 2003. 38 C.F.R. §§ 4.15, 4.16(b). 

Entitlement to a total disability rating based on individual unemployability is granted on an extra-schedular basis under the provisions of 38 C.F.R. § 4.16 (b) effective April 16, 2003, the date requested by the Veteran and his counsel.


ORDER

Entitlement to an effective date of April 16, 2003, but no earlier, for the award of a total disability rating based on individual unemployability on an extraschedular basis is granted, subject to the laws and regulations governing the payment of monetary benefits.


____________________________________________
DEREK R. BROWN
Veterans Law Judge, Board of Veterans' Appeals
Department of Veterans Affairs