﻿Citation Nr: AXXXXXXXX
Decision Date: 12/31/20 Archive Date: 12/31/20

DOCKET NO. 180925-105659
DATE: December 31, 2020

ORDER

Entitlement to service connection for bilateral eye disabilities is denied. 

FINDING OF FACT

The bilateral eyelid disabilities treated in service were not noted after service and the Veteran’s current eye disabilities are not etiologically related to the Veteran’s service or any condition in service. 

CONCLUSION OF LAW

The criteria for service connection for the Veteran’s bilateral eye disabilities have not been met. 38 U.S.C. §§ 1110, 1113, 5107; 38 C.F.R. §§ 3.3102, 3.303.

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran had honorable active service with the United States Army from December 1972 to September 1973. 

A rating decision was issued under the legacy system in August 2015 and the appellant submitted a timely notice of disagreement (NOD). In June 2017, the agency of original jurisdiction (AOJ) issued a statement of the case (SOC). 

In June 2018, the appellant opted into the modernized review system, also known as the Appeals Modernization Act (AMA), by submitting a Rapid Appeals Modernization Program (RAMP) election form and selecting the higher-level review option. See RAMP Opt-In Election received June 2018, Appeal Notification Letter received September 2018. The AOJ issued an AMA rating decision pursuant to RAMP in September 2018. See Rating Decision-Narrative received September 2018. 

In September 2018, the Veteran filed another RAMP election form selecting the Direct Review option. The Board notes that the Veteran did not explicitly include the eye claim on their September 2018 RAMP election form. 

Then in December 2018, the Veteran’s eye appeal was actively placed on the Board’s docket based on a June 2017 Form 9. In March 2019, the Board denied the Veteran’s entitlement to service connection for an eye disability as a legacy appeal. See BVA Decision received March 2019. The Veteran appealed the Board’s decision to the United States Court of Appeals for Veterans Claims (Court). 

In June 2020, the Veteran and the Secretary of the Veterans Affairs (collectively, as parties) filed a Joint Motion for Remand (JMR). The parties requested that the Court vacate the Board’s March 2019 decision and remand the matter for further consideration and instructions consistent with the JMR. The JMR stipulated that the Board failed to provide an adequate statement of reasons or bases by failing to explain why the Board found the eye disability appeal to be ineligible for RAMP processing. The Court granted the JMR in July 2020. See CAVC Decision received July 2020.

Then in December 2020, the Board dismissed the entitlement to service connection for a bilateral eye disability under the legacy appeal system. See BVA Decision received December 2020. The Veteran’s claim of entitlement for an eye disability is now before the Board under the AMA. 

While the September 2018 RAMP election form selecting the Direct Review option did not explicitly include the bilateral eye disability, the Board will proceed with the claim under AMA. The September 2018 AMA rating decision under the Higher-Level Review lane option, pursuant to RAMP, is the decision on appeal.

Generally, service connection will be granted for a disability resulting from an injury or disease caused or aggravated by active military service. 38 U.S.C. § 1110; 38 C.F.R. § 3.303(a). A grant for service connection for a disability requires: (1) a present disability or persistent or recurrent symptoms of a disability; (2) an in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship (“nexus”) between the present disability and the in-service event, injury, or disease. 38 U.S.C. § 1110; 38 C.F.R. § 3.303; Walker v. Shinseki, 708 F.3d 1331 (Fed. Cir. 2013). 

Service connection may be granted for any disease diagnosed after discharge, when all the evidence, including the evidence pertinent to service, establishes that the disease was incurred in service. 38 C.F.R. § 3.303(d). 

In rendering a decision on appeal, the Board must analyze the credibility and probative value of the evidence, account for the evidence which it finds to be persuasive or unpersuasive and provide the reasons for its rejection of any material evidence favorable to the veteran. See Gabrielson v. Brown, 7 Vet. App. 36, 39-40 (1994); Gilbert v. Derwinski, 1 Vet. App. 49, 57 (1990). Board determinations with respect to the weight and credibility of evidence are factual determinations going to the probative value of the evidence. Layno v. Brown, 6 Vet. App. 465, 469 (1994).

Competency of evidence differs from weight and credibility. Competency is a legal concept determining whether testimony may be heard and considered by the trier of fact, while credibility is a factual determination going to the probative value of the evidence to be made after the evidence has been admitted. Rucker v. Brown, 10 Vet. App. 67, 74 (1997); Layno, 6 Vet. App. at 465. Lay statements may serve to support a claim for service connection by supporting the occurrence of lay-observable events or the presence of disability or symptoms of disability subject to lay observation. 38 C.F.R. § 3.159; see Jandreau v. Nicholson, 492 F.3d 1372 (Fed. Cir. 2007).

When all the evidence is assembled, VA is responsible for determining whether the evidence supports the claim or is in relative equipoise, with a veteran prevailing in either event, or whether a preponderance of the evidence is against a claim, in which case, the claim is denied. 38 U.S.C. § 5107(b); 38 C.F.R. § 3.102.

In this case, the Board has reviewed all the evidence of record, with an emphasis on the evidence relevant to this appeal. Although the Board has an obligation to provide reasons and bases supporting its decision, there is no need to discuss, in detail, every piece of evidence of record. Gonzales v. West, 218 F.3d 1378, 1380-81 (Fed. Cir. 2000) (holding that VA must review the entire record but does not have to discuss each piece of evidence). Hence, the Board will summarize the relevant evidence where appropriate and the Board’s analysis below will focus specifically on what the evidence shows, or fails to show, as to the claim on appeal.

The Veteran contends that he had a surgery on his eyes in 1973 during active duty military service. He contends that since this eye surgery his eyes or vision has gotten progressively worse. 

The Board finds that the evidence does not show a causal relationship (“nexus”) between the Veteran’s present bilateral eye disabilities and an in-service event, injury, or disease. 

For direct service connection, first you must have a present disability. The Veteran has been diagnosed with recurrent pterygium and mild cataracts. See C&P Exam received August 2015. Therefore, the Veteran has a current disability. 

For direct service connection, the Veteran must also have an in-service event, injury, or disease. The Veteran reported an operation on his eyes during service, which caused his vision to worsen over time. Service treatment records show treatment for bilateral chalazions on the upper eyelids in 1973. See STR-Medical received May 2015. The records show that the Veteran had an excision of lumps (chalazions) on his eyelids. Id. 

Even if the Board finds that the Veteran’s eyelid surgery during service was an event, injury, or disease, the records still do not support a causal relationship (“nexus”) between the present disability and the in-service event, injury, or disease. This means that the evidence of record, including an opinion, does not support a link between the Veteran’s present recurrent pterygium and mild cataracts with the Veteran’s service.

The Board also notes that post-service treatment records do not show treatment for chalazions. 

The Veteran was afforded a VA examination in August 2015. The examiner opined that the Veteran’s current eye disabilities were not caused by nor related to service. See C&P Exam received August 2015. Specifically, the examiner explained that the Veteran’s pterygium was a condition associated with aging and sun exposure. The examiner explained that it was not caused by the Veteran’s service or by chalazions. Additionally, the examiner explained that cataracts were a condition associated with aging and not caused by service or chalazions. Id. In rendering the opinion, the examiner noted that there was no evidence of pterygium or cataracts in service. 

There is no conflicting medical opinion of record. There is no evidence of record, other than the Veteran’s lay statements, linking the current bilateral eye conditions to service. There is no other evidence, VA or private, which indicates that the Veteran’s bilateral pterygium or bilateral cataracts may be related to his active military service.

While the Veteran believes that his current eye disabilities are related to service, as a lay person, the Veteran has not shown that he has specialized training sufficient to render such an opinion. See Jandreau v. Nicholson, 492 F.3d 1372, 1376-77 (Fed. Cir. 2007) (noting general competence to testify as to symptoms but not to provide medical diagnosis). In this regard, the diagnosis and etiology of these eye disabilities are matters not capable of lay observation, and require medical expertise to determine. Accordingly, the Veteran’s opinion as to the diagnosis or etiology of his recurrent pterygium and mild cataracts is not competent medical evidence. Thus, the Veteran’s own opinion, as to the etiology of his current eye disabilities, is not competent medical evidence. The Board finds the opinion of the VA examiner to be significantly more probative than the Veteran’s lay assertions. 

The Board finds that the preponderance of the evidence of record weighs against the establishment of a nexus between the Veteran’s current eye disabilities and active duty service.

Given the extensive time between active duty service and the diagnosis of recurrent pterygium and mild cataracts, as well as considering all of the evidence of record, the Board finds that the preponderance of the evidence of record weighs against service-connection for the Veteran’s bilateral eye disabilities. 

Since the preponderance of the evidence is against the claim, the provisions of 38 U.S.C. § 5107(b) regarding reasonable doubt are not applicable. The claim of entitlement to service connection for bilateral eye disabilities must be denied.

 

 

B. MULLINS

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board Associate Counsel, C. Parnell

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.