Citation Nr: AXXXXXXXX
Decision Date: 05/28/21 Archive Date: 05/28/21

DOCKET NO. 201209-131035
DATE: May 28, 2021

ORDER

1. Entitlement to an increased initial rating in excess of 30 percent for unspecified depressive disorder with anxious distress (unspecified depressive disorder) prior to April 4, 2020 is denied.

2. Entitlement to an increased initial rating in excess of 50 percent for unspecified depressive disorder from April 4, 2020 is denied.

FINDINGS OF FACT

1. Prior to April 4, 2020, unspecified depressive disorder was not manifested by occupational and social impairment with reduced reliability and productivity.

2. From April 4, 2020, unspecified depressive disorder has not been manifested by occupational and social impairment with deficiencies in most areas.

CONCLUSIONS OF LAW

1. The criteria for entitlement to an initial disability rating in excess of 30 percent for unspecified depressive disorder were not met prior to April 4, 2020. 38 U.S.C. §§ 1155, 5107; 38 C.F.R. §§ 4.3, 4.125, 4.130, Diagnostic Code (DC) 9435.

2. The criteria for entitlement to an initial disability rating in excess of 50 percent for unspecified depressive disorder have not been met from April 4, 2020. 38 U.S.C. §§ 1155, 5107; 38 C.F.R. §§ 4.3, 4.125, 4.130, DC 9435.

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran served on active duty from July 1966 to November 1966, from July 1978 to April 1979, and from November 1983 to May 1985.

This matter comes before the Board of Veterans' Appeals (Board) on appeal of a January 2020 rating decision that granted service connection for unspecified depressive disorder with anxious distress and assigned an initial 30 percent rating effective October 9, 2019. In December 2020, the Veteran submitted a notice of disagreement and chose the evidence lane. However, in the meantime, he submitted an intent to file a claim in April 2020 and a formal claim in January 2021, which the agency of original jurisdiction construed as a claim for increase for the service-connected unspecified depressive disorder. A March 2021 rating decision increased the Veteran's disability rating to 50 percent effective April 4, 2020. Thus, the Board has characterized the issue to show the staged ratings.

In a letter received from a private psychologist in January 2021, Dr. Ray Mosko wrote that he had been treating the Veteran for several years. This fact was brought to VA's attention after the January 2020 rating decision on appeal. Post-decisional evidence cannot serve as the basis of a pre-decisional duty to assist error. Thus, VA's duty to assist was not implicated in obtaining these records at the time of the January 2020 rating decision. If the Veteran wants these records to be obtained and considered, he may file a supplemental claim. 

The Veteran has reported that he experiences a range of psychiatric symptoms, including depression, anxiety, sleep disturbances, irritability, and decreased energy.

VA has adopted a Schedule for Rating Disabilities (Schedule) to evaluate service-connected disabilities. See 38 U.S.C. § 1155; 38 C.F.R., Part IV. Disability evaluations assess the ability of the body as a whole, the psyche, or a body system or organ to function under the ordinary conditions of daily life, to include employment. 38 C.F.R. § 4.10. The percentage ratings in the Schedule represent the average impairment in earning capacity resulting from service-connected diseases and injuries and their residual conditions in civilian occupations. 38 U.S.C. § 1155; 38 C.F.R. § 4.1. The percentage ratings are generally adequate to compensate for considerable loss of working time from exacerbation or illness proportionate to the severity of the disability. Id. 

In disability rating cases, VA assesses the level of disability from the initial grant of service connection or a year prior to the date of application for an increased rating and determines whether the level of disability warrants the assignment of different disability ratings at different times over the course of the claim, a practice known as "staged ratings." See Fenderson v. West, 12 Vet. App. 119, 126 (1999). When all the evidence is assembled, the Board is then responsible for determining whether the evidence supports the claim or is in relative equipoise, with the Veteran prevailing in either event, or whether the preponderance of the evidence is against the claim, in which case the claim is denied. When there is an approximate balance of positive and negative evidence regarding any issue material to the determination of a matter, VA shall resolve reasonable doubt in favor of the Veteran. 38 U.S.C. § 5107; 38 C.F.R. § 4.3. 

In deciding claims, it is the Board's responsibility to evaluate the entire record on appeal. See 38 U.S.C. § 7104(a). Although the Board has an obligation to provide reasons and bases supporting this decision, there is no need to discuss each and every piece of evidence submitted by the Veteran or on his behalf. See Gonzales v. West, 218 F.3d 1378, 1380-81 (Fed. Cir. 2000). Rather, the Board's analysis below will focus specifically on what evidence is needed to substantiate the claim and what the evidence in the claims file shows, or fails to show, with respect to the claim. See Timberlake v. Gober, 14 Vet. App. 122, 128-30 (2000).

The Veteran's service-connected unspecified depressive disorder has been evaluated under 38 C.F.R. § 4.130 using the General Rating Formula for Mental Disorders, which assigns ratings based on particular symptoms and the resulting functional impairments. See 38 C.F.R. § 4.130, DC 9435. 

The General Rating Formula is as follows:

A 30 percent rating is assigned for occupational and social impairment with occasional decrease in work efficiency and intermittent periods of inability to perform occupational tasks (although generally functioning satisfactorily, with routine behavior, self-care, and conversation normal), due to such symptoms as: depressed mood, anxiety, suspiciousness, panic attacks (weekly or less often), chronic sleep impairment, mild memory loss (such as forgetting names, directions, recent events). Id.

A 50 percent rating is assigned for occupational and social impairment with reduced reliability and productivity due to such symptoms as: flattened affect; circumstantial, circumlocutory, or stereotyped speech; panic attacks more than once a week; difficulty in understanding complex commands; impairment of short-and long-term memory (e.g., retention of only highly learned material, forgetting to complete tasks); impaired judgment; impaired abstract thinking; disturbances of motivation and mood; difficulty in establishing and maintaining effective work and social relationships. Id.

A 70 percent rating is assigned for occupational and social impairment, with deficiencies in most areas, such as work, school, family relations, judgment, thinking, or mood, due to such symptoms as: suicidal ideation; obsessional rituals which interfere with routine activities; speech intermittently illogical, obscure, or irrelevant; near-continuous panic or depression affecting the ability to function independently, appropriately and effectively; impaired impulse control (such as unprovoked irritability with periods of violence); spatial disorientation; neglect of personal appearance and hygiene; difficulty in adapting to stressful circumstances (including work or a work like setting); inability to establish and maintain effective relationships. Id.

A 100 percent rating is assigned for total occupational and social impairment, due to such symptoms as: gross impairment in thought processes or communication; persistent delusions or hallucinations; grossly inappropriate behavior; persistent danger of hurting self or others; intermittent inability to perform activities of daily living (including maintenance of minimal personal hygiene); disorientation to time or place; memory loss for names of close relatives, own occupation, or own name. Id.

The symptoms associated with each rating in 38 C.F.R. § 4.130 are not intended to constitute an exhaustive list; rather, they serve as examples of the type and degree of the symptoms, or their effects, that would justify a particular rating. See Mauerhan v. Principi, 16 Vet. App. 436, 442 (2002). Thus, the evidence considered in determining the level of impairment under 38 C.F.R. § 4.130 is not restricted to the symptoms provided in the DCs. See id. VA must consider all symptoms of a veteran's disorder that affect his or her occupational and social impairment. See id. at 443. If the evidence demonstrates that a veteran has symptoms or effects that cause occupational or social impairment equivalent to what would be caused by the symptoms listed in the DC, the appropriate, equivalent rating will be assigned. Id. In this regard, VA shall consider the frequency, severity, and duration of psychiatric symptoms, the length of remissions, and a veteran's capacity for adjustment during periods of remission. 38 C.F.R. § 4.126. Although VA considers the level of social impairment, it does not assign an evaluation based solely on social impairment. Id. VA must consider all the Veteran's symptoms and resulting functional impairment as shown by the evidence in assigning the appropriate rating, and will not rely solely on the examiner's assessment of the level of disability at the moment of examination. See id. 

The Board has carefully reviewed the evidence of record and finds that the preponderance of the evidence is against an initial evaluation in excess of 30 percent prior to April 4, 2020, and in excess of 50 percent thereafter for the service-connected unspecified depressive disorder. The reasons follow.

Prior to April 4, 2020

Treatment records from 2019 show that the Veteran denied psychiatric symptoms at times and presented as fully alert and oriented with no depression, anxiety, or agitation. The Veteran was prescribed sertraline and clonazepam but was not engaged in any recurrent mental health counseling. The record does not document symptom exacerbations requiring urgent or inpatient treatment during the relevant period.

The Veteran submitted a Mental Disorders Disability Benefits Questionnaire (DBQ) in September 2018, which was dated in July 2018. The psychologist, Dr. Ray Mosko, wrote that the Veteran has a lack of trust and is suspicious and misreads social cues. Dr. Mosko documented that the Veteran went to law school but never passed the bar exam. Dr. Mosko checked off symptoms such as depressed mood, anxiety, suspiciousness, panic attacks more than once a week, chronic sleep impairment, mild memory loss, impairment in short and long-term memory, difficulty in understanding complex commands, impaired judgment, impaired abstract thinking, disturbances in motivation and mood, difficulty in establishing and maintaining effective work and social relationships, difficulty in adapting to stressful circumstances, inability to establish and maintain effective relationships, and impaired impulse control. When asked which of the following best summarized the Veteran's level of occupational and social impairment with regard to all mental diagnoses, Dr. Mosko checked occupational and social impairment with occasional decrease in work efficiency and intermittent periods of inability to perform occupational tasks, although generally functioning satisfactorily with normal routine behavior self-care and conversation. 

In December 2019, the Veteran underwent a VA psychiatric examination. The Veteran was assessed with unspecified depressive disorder with anxious features. He reported experiencing anxiety at times and difficulty falling asleep. He stated that his mood was "okay," but he becomes easily irritable. He stated that he was not engaged in counseling. The examiner noted that chronic pain in the Veteran's neck and shoulders was relevant to understanding his mental health disorder. During examination, the Veteran was casually dressed and maintained adequate personal hygiene. Rapport was established and maintained during the entire interview. The Veteran's speech was spontaneous with normal rate and tone. No hallucinations or delusions were present. No obsessions, compulsions or phobias were detected. The Veteran's mood was assessed as euthymic and affect was congruent with his mood. His thought content was devoid of suicidal or homicidal ideations, intentions or plans, and his thought processes were logical, coherent, and goal-oriented. The Veteran's cognitive functions were normal and he was oriented to person, place, time, and purpose. His insight and judgment were intact.

The examiner described the severity of the Veteran's condition as occupational and social impairment with occasional decrease in work efficiency and intermittent periods of inability to perform occupational tasks, although generally functioning satisfactorily, with normal routine behavior, self-care, and conversation. This rating is commensurate with the criteria for a 30 percent disability rating. The examiner who completed the July 2018 DBQ had also found that the Veteran's psychiatric disorder was best characterized by this description. While the adjudicator makes the determination of what evaluation is warranted for the service-connected PTSD, the examiners' conclusions that the Veteran's PTSD was summarized best by the criteria described under the 30 percent rating is evidence against a finding that the Veteran's psychiatric disorder caused occupational and social impairment with reduced reliability and productivity in order to warrant a 50 percent disability rating. 

Additionally, the preponderance of the evidence is against a finding that the level of severity and frequency of the types of symptoms listed in the schedular criteria for a 50 percent disability rating are demonstrated prior to April 2020. This includes findings of flattened affect; circumstantial, circumlocutory, or stereotyped speech; panic attacks more than once a week; difficulty in understanding complex commands; impairment of short-and long-term memory; impaired judgment; impaired abstract thinking; disturbances of motivation and mood; and difficulty in establishing and maintaining effective work and social relationships. 

While the psychologist who completed the July 2018 DBQ checked boxes indicating symptomology associated with a 50 percent rating or high, such as impairment of short and long term memory; impaired judgment and abstract thinking; impaired impulse control, such as unprovoked irritability with periods of violence; difficulty understanding complex commands; and memory loss for names of close relatives, own occupation, or own name, these symptoms are not present elsewhere in the record and inconsistent with the Veteran's intact cognitive functioning demonstrated on recurrent examination. Dr. Masko did not include a concurrent mental status examination to support the severity of psychiatric symptoms suggested by the checked boxes. No mental status examinations or medical records prior to April 2020 document significant memory loss, difficulty following commands, impaired impulse control, impaired judgment, or violence, and the Veteran largely denied any significant psychiatric symptoms prior to his December 2019 VA examination. The psychologist's own assessment of the Veteran's level of impairment was commensurate with a 30 percent disability rating, showing that the listed symptoms were not reflective of significant functional deficits. By the Veteran's own admission, he did not require mental health counseling at this time and was independent in activities of daily living. During the same time period, the Veteran reported that he routinely helped a terminally ill friend with transportation. As described above, the clinical findings documented in the December 2019 VA examination report do not show an overall disability picture indicative of occupational and social impairment with reduced reliability and productivity. The Veteran has friends and has been in a committed relationship for more than 15 years, which relationship he described as "very good," which is evidence against difficulty in in establishing and maintaining effective social relationships. He established a rapport with the examiner and maintained that rapport throughout the evaluation, and his mood was described as euthymic. The preponderance of the evidence is against a finding that the Veteran's level of severity of symptoms meet the criteria for a 50 percent rating or higher. Accordingly, an increased rating in excess of 30 percent was not warranted. 

From April 4, 2020

Following the effective date of the Veteran's increased 50 percent disability rating, the Veteran exhibited generally stable functioning and maintained independence in activities of daily living without significant symptom exacerbations. Treatment records in August 2020 described the Veteran as very pleasant. In late 2020, the Veteran complained of anxiety, depression, and nervousness, but denied difficulty falling asleep. Despite the complaints, examination revealed no evidence of depression, anxiety, or agitation. The Veteran was noted to be fully oriented with normal judgment, insight, and memory.

The Veteran underwent another VA examination in February 2021. He reported that he was engaged in individual psychotherapy and medication management. He reported frequent nocturnal awakenings due to pain. He also reported irritability, low energy, and concentration difficulties, secondary to his chronic pain symptoms. When asked about his relationship with his significant other of 19 years, he jokingly responded that it was "hopefully okay." He reported that he was not as close with friends as he once was but that he and his significant other join a virtual video conference with about 15 friends once per week. He stated that he reads in his spare time and stays in touch with his siblings via phone calls. The examiner found that the Veteran's claims of insomnia and sleep disturbance are subsumed by his diagnosis of unspecified depressive disorder with anxious distress. 

On mental status examination, the Veteran was appropriately groomed and alert and oriented. He maintained appropriate eye contact throughout the interview and his manner was friendly, pleasant, and cooperative. His mood was slightly dysthymic, and affect was congruent with content. The Veteran's thought processes were logical, linear, and goal-directed, and there was no evidence of hallucinations, delusions, or thought disorder. His speech was normal in volume, rate, and articulation, and his psychomotor activity was within normal range. The Veteran displayed only mild difficulties with concentration and memory, and his judgment and insight were good. The Veteran denied suicidal ideation or any prominent symptoms of psychosis or mania. 

The examiner described the Veteran's severity of overall impairment as occupational and social impairment with reduced reliability and productivity, consistent with a 50 percent disability rating. As noted above, although rating determinations are an issue reserved to the adjudicator, this is probative evidence against a rating in excess of 50 percent. Notably, treatment records since April 2020 do not show the level of impairment described by the schedular criteria for a 70 percent disability rating, including suicidal ideation; obsessional rituals which interfere with routine activities; speech intermittently illogical, obscure, or irrelevant; near-continuous panic or depression affecting the ability to function independently, appropriately and effectively; impaired impulse control; spatial disorientation; neglect of personal appearance and hygiene; difficulty in adapting to stressful circumstances; or inability to establish and maintain effective relationships. The Veteran's relationship with his significant other, his weekly video chats with friends, and his keeping in touch with his siblings is evidence against deficiencies in family relations and the inability to establish and maintain effective relationships. He reported he had retired in 2003 and then worked in real estate for approximately 10 years. The Veteran did not report deficiencies in occupational functioning. 

For all the reasons stated herein, the preponderance of the evidence is against an initial evaluation in excess of 50 percent from April 4, 2020, and in excess of 30 percent prior to that time. The Board has considered the applicability of the benefit-of-the-doubt doctrine; however, it is not applicable where, as here, there is not an approximate balance of positive and negative evidence. See 38 U.S.C. § 5107(b); 38 C.F.R. § 4.3.

 

 

A. P. SIMPSON

Veterans Law Judge

Board of Veterans' Appeals

Attorney for the Board G. Wonderling, Associate Counsel

The Board's decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.