Citation Nr: AXXXXXXXX
Decision Date: 07/14/21 Archive Date: 07/14/21

DOCKET NO. 200625-96653
DATE: July 14, 2021

ORDER

New and relevant evidence has been received to readjudicate a claim of service connection for coronary artery disease.

Entitlement to service connection for coronary artery disease on a presumptive basis due to herbicide agent exposure is granted.

FINDINGS OF FACT

1. An August 2019 rating decision denied entitlement to service connection for coronary artery disease.

2. Evidence received in November 2019 and June 2020 relating to the Veteran's claim for service connection for coronary artery disease was not previously of record and tends to prove or disprove a matter at issue. 

3. The evidence is at least in equipoise as to whether the Veteran has a diagnosis of coronary artery disease requiring continuous medication.

CONCLUSIONS OF LAW

1. Evidence received since the August 2019 rating decision is new and relevant, thereby satisfying the criteria for readjudication of the Veteran's claim for service connection for coronary artery disease. 38 U.S.C. § 5108; 38 C.F.R. §§ 3.156, 3.2501.

2. The criteria for entitlement to service connection for coronary artery disease on a presumptive basis due to herbicide agent exposure have been met. 38 U.S.C. §§ 1110, 5107(b); 38 C.F.R. §§ 3.102, 3.303, 3.307, 3.309.

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran had active service from October 1966 to October 1968. 

The rating decision on appeal was issued in March 2020 and constitutes an initial decision; therefore, the modernized review system, also known as the Appeals Modernization Act (AMA), applies. In the June 2020 VA Form 10182, Decision Review Request: Board Appeal, the Veteran elected the Evidence Submission docket. Therefore, the Board of Veterans' Appeals (Board) may only consider the evidence of record at the time of the agency of original jurisdiction (AOJ) decision on appeal, as well as any evidence submitted by the Veteran [or his/her representative] with, or within 90 days from receipt of, the VA Form 10182. 38 C.F.R. § 20.303.

The Board notes the following favorable findings identified by the AOJ in decisions dated April 2019, August 2019, January 2020, and March 2020:

The Veteran served in the Republic of Vietnam from March 1967 to March 1968.

The Veteran was exposed to herbicide agents during his service in the Republic of Vietnam.

The Veteran has sufficient service to meet the minimum requirements for presumptive service connection, having had active service in the Army from October 1966 to October 1968. 

The claimed disability, coronary artery disease, is a disease subject to presumptive service connection under 38 C.F.R. § 3.309. 

New and Relevant Evidence

New and relevant evidence has been received to readjudicate a claim for service connection for coronary artery disease.

In January 2019 the Veteran filed a claim of service connection for coronary artery disease (CAD). The Veteran's claim was denied in April 2019. In June 2019 he filed a supplemental claim seeking service connection for CAD; the supplemental claim was denied in August 2019. In November 2019 the Veteran sought higher level review (HLR) of the August 2019 rating decision. A January 2020 HLR rating decision found a duty to assist (DTA) error in the August 2019 rating decision in that the Department of Veterans Affairs (VA) failed to obtain private medical treatment records. The claim was returned to the AOJ as a supplemental claim. In March 2020 the AOJ issued a rating decision that denied the Veteran's request to readjudicate the previously denied claim for service connection for coronary artery disease (CAD). As noted above, in his June 2020 Board appeal, the Veteran selected the evidence submission docket.

Under the AMA system, if new and relevant evidence is presented or secured with respect to a supplemental claim, VA shall readjudicate the claim. 38 C.F.R. § 3.156(d). The January 2020 return of the Veteran's claim to the AOJ constituted a supplemental claim following the August 2019 denial. Therefore, the threshold question currently before the Board is whether, between the time of the August 2019 rating decision and the March 2020 rating decision, or with, or within 90 days from receipt of, the June 2020 VA Form 10182, new and relevant evidence was submitted in relation to the Veteran's CAD claim.

When determining whether new and relevant evidence has been received, new evidence is evidence not part of the record at the time of the last decision on the issue. 38C.F.R. §3.2501 (a)(1). Relevant evidence is defined as information that tends to prove or disprove a matter at issue in a claim. Relevant evidence includes evidence that raises a theory of entitlement that was not previously addressed. 38C.F.R. §§3.156 (d); 3.2501.

Here, the Veteran seeks service connection for CAD. Service connection will be granted if the evidence demonstrates that a current disability resulted from an injury or disease incurred in or aggravated by active military service. The Veteran's claimed disability, CAD, is one for which service connection may be granted on a presumptive basis where exposure to herbicide agents has either been shown by the evidence, or established presumptively; and where the disability has become manifest to a degree of at least 10 percent. 38 C.F.R. §§ 3.307(a)(6)(ii), 3.309(e). A 10 percent rating for CAD requires a showing of documented coronary artery disease resulting in a workload of greater than 7 METs but not greater than 10 METs resulting dyspnea, fatigue, angina, dizziness, or syncope, or the necessity of continuous medication. 38 C.F.R. § 4.104. 

Thus, in the instant case, to be new and relevant, evidence must not have previously been of record, and must speak to whether a current disability resulted from an injury or disease incurred in or aggravated by active military service and/or whether there are manifestations of CAD consistent with the criteria for a 10 percent rating under 38 C.F.R. § 4.104. 

In November 2019, VA received private medical treatment records reflecting a presumptive diagnosis of CAD "given elevated calcium score and risk factors." In June 2020, along with his Form 10182, the Veteran submitted a Disability Benefits Questionnaire completed by the same private treating provider reflecting a diagnosis of ischemic heart disease. In January 2020 VA received private medical records reflecting that the same private treating provider prescribed continuation of high intensity statin medication to treat the Veteran's CAD. This information is new and speaks to the existence of a diagnosis of CAD requiring continuous medication. Accordingly, the Board concludes that new and relevant evidence has been submitted in relation to the Veteran's CAD claim, and readjudication of that claim is warranted. 38 U.S.C. § 5108; 38 C.F.R. §§ 3.156, 3.2501.

Service Connection

Entitlement to service connection for coronary artery disease is granted. 

As referenced above, VA has conceded the Veteran's exposure to herbicide agents during active service in the Republic of Vietnam. The Veteran seeks service connection for CAD. 

Service connection will be granted if the evidence demonstrates that a current disability resulted from an injury or disease incurred in or aggravated by active military service. The Veteran's claimed disability, CAD, is one for which service connection may be granted on a presumptive basis where exposure to herbicide agents has either been shown by the evidence, or established presumptively; and where the disability has become manifest to a degree of at least 10 percent. 38 C.F.R. §§ 3.307(a)(6)(ii), 3.309(e). A 10 percent rating for CAD requires a showing of documented coronary artery disease resulting in a workload of greater than 7 METs but not greater than 10 METs resulting dyspnea, fatigue, angina, dizziness, or syncope, or the necessity of continuous medication. 38 C.F.R. § 4.104. 

In adjudicating claims for VA benefits, the burden of proof only requires an "approximate balance" of the evidence for and against a claim. 38 U.S.C. § 5107 (b); 38 C.F.R. § 3.102; Gilbert v. Derwinski, 1 Vet. App. 49, 55-56 (1991). This low standard of proof is "unique" to the VA adjudicatory process, and "the nation, 'in recognition of our debt to our veterans,' has 'taken upon itself the risk of error' in awarding such benefits." Wise v. Shinseki, 26 Vet. App. 517, 531 (2014). In evaluating a claim for disability benefits, when there is an approximate balance of positive and negative evidence regarding any issue material to the determination of a matter, VA shall give the benefit of the doubt to the claimant. 38 U.S.C. § 5107.

The Board notes that it has reviewed all of the evidence in the record, with an emphasis on the evidence relevant to this appeal. Although the Board has an obligation to provide reasons and bases supporting its decision, there is no need to discuss, in detail, every piece of evidence of record. Gonzales v. West, 218 F.3d 1378, 1380-81 (Fed. Cir. 2000). Hence, the Board will summarize the relevant evidence as deemed appropriate and the Board's analysis will focus specifically on what the evidence shows, or fails to show, as to the claim.

The Board acknowledges an August 2019 VA examination reflecting the examiner's opinion that the Veteran did not have a diagnosis of CAD. However, the Board finds this opinion to be of limited probative value. It is the factually accurate, fully articulated, sound reasoning for the conclusion that contributes probative value to a medical opinion. Nieves-Rodriguez v. Peake, 22 Vet. App. 295, 304 (2008). VA must consider all lay and medical evidence of record. 38 U.S.C. § 1154(a); 38 U.S.C. § 5107; 38 C.F.R. § 3.303. The August 2019 examiner noted that their opinion was rendered without having any medical records available for review. While this was not the fault of the August 2019 examiner, it does lessen the probative value of the opinion relative to the opinion of private treating providers familiar with the Veteran's medical history and presentation over time. 

(Continued on the next page)

 

In November 2019, VA received private medical treatment records reflecting a presumptive diagnosis of CAD "given elevated calcium score and risk factors." In June 2020, along with his Form 10182, the Veteran submitted a Disability Benefits Questionnaire completed by the same private treating provider reflecting a diagnosis of ischemic heart disease. In January 2020 VA received private medical records reflecting that the same private treating provider prescribed continuation of high intensity statin medication to treat the Veteran's CAD.

In light of the foregoing, the Board finds that the evidence is at least in equipoise as to whether the Veteran has a current diagnosis of CAD requiring continuous medication. VA has conceded exposure to herbicide agents during the Veteran's active service in the Republic of Vietnam. Accordingly, the Board concludes that the criteria for service connection for coronary artery disease on a presumptive basis due to herbicide agent exposure have been met, and the same is hereby granted. 38 U.S.C. §§ 1110, 5107(b); 38 C.F.R. §§ 3.102, 3.303, 3.307, 3.309.

 

 

Eric S. Leboff

Veterans Law Judge

Board of Veterans' Appeals

Attorney for the Board Sametshaw, Eric C.

The Board's decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.